EXHIBIT "C"

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

COBB COUNTY GA.
FILED IN OFFICE

2015 JUL 21  PM 1:29

*Rebecca Keaton*
COBB SUPERIOR COURT CLERK

LEAH BELTZ, Formerly Known As :
LEAH J. MEDLIN, :
      Plaintiff, :
  :
v. :
  :
CITIMORTGAGE, INC., :
      Defendant :
And :
PENDERGAST & ASSOCIATES, P.C., :
      Nominal Defendant. :

CIVIL ACTION

FILE No. 15-1-5617-40

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff, whose name and address is:

**JEFFREY BULL GRABLE**
**JEFFREY BULL GRABLE, ATTORNEY AT LAW, P.C.**
**1225 JOHNSON FERRY ROAD, SUITE 125**
**MARIETTA, GA 30068**

an answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. If a hearing has already been scheduled in this case, you must appear at that scheduled hearing, regardless of whether the 30 days for filing an answer has elapsed.

This _____21_____ day of _____July_____, 20 _15_.

REBECCA KEATON, Clerk of Superior Court

By _____*Rebecca Keaton*_____ Deputy Clerk

To Defendant upon whom this Petition is served:

This   copy   of   Complaint   and   Summons   was   served   upon   you
_____, 20_____.

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

LEAH BELTZ, Formerly Known As          :
LEAH J. MEDLIN,                        :
      Plaintiff,                  :
                                       :          CIVIL ACTION
v.                                     :
                                       :          FILE No. _____
CITIMORTGAGE, INC.,                    :
      Defendant                   :
And                                    :
PENDERGAST & ASSOCIATES, P.C.,         :
      Nominal Defendant.          :

## COMPLAINT FOR INJUNCTIVE RELIEF, SPECIFIC PERFORMANCE AND BREACH OF CONTRACT

COMES NOW the Plaintiff Leah Beltz, formerly known as Leah J. Medlin, who files her

Complaint for Injunctive Relief against CitiMortgage, Inc. and Pendergast & Associates, P.C., as

follows:

1.

Plaintiff is a citizen of the United States, is over the age of majority, and resides at 1061

Ashebrooke Way, N.E., Marietta, Cobb County, Georgia 30068. Plaintiff may be served with legal

process through her attorney, to wit:

**Jeffrey Bull Grable**
**Jeffrey Bull Grable, Attorney at Law, P.C.**
**1225 Johnson Ferry Road, Suite 125**
**Marietta, GA 30068**

2.

Plaintiff is subject to the jurisdiction of this Court.

3.

Defendant CitiMortgage, Inc. is a corporation authorized to transact business in the State of Georgia. CitiMortgage, Inc. may be served with legal process through its Registered Agent, to wit:

**CT Corporation System**
**1201 Peachtree Street, NE**
**Atlanta, GA 30361**

4.

Defendant CitiMortgage, Inc. is subject to the jurisdiction of this Court.

5.

Nominal Defendant Pendergast & Associates, P.C., is Georgia corporation whose registered agent is John F. Pendergast, Jr. This Nominal Defendant may be served with legal process at its principle office, to wit:

**John F. Pendergast, Jr.**
**Pendergast & Associates, P.C.**
**211 Perimeter Center Parkway, Suite 300**
**Atlanta, GA 30346**

6.

Nominal Defendant Pendergast & Associates, P.C. is subject to the jurisdiction of this Court.

7.

Venue is proper before this Court under O.C.G.A. 9-10-30.

8.

Subject matter jurisdiction is proper before this Court under O.C.G.A. 23-1-1.

## FACTS COMMON TO ALL COUNTS

10.

Plaintiff and Defendant CitiMortgage, Inc. were parties in Cobb Superior Court Civil Action File No. 11-1-4003-40, *Leah Beltz, formerly known as Leah J. Medlin, v. CitiMortgage, Inc.* Said litigation concerned the Defendant CitiMortgage, Inc.'s efforts to foreclose upon the mortgage it made to the Plaintiff for her home located at 1061 Ashebrooke Way, N.E., Marietta, Cobb County, Georgia 30068, the legal description of said parcel being found in that Security Deed located in Book 11575 Page 500 in the Deed Records of the Clerk of the Cobb County Superior Court and more particularly described as follows:

> **"All that tract or parcel of land lying and being in Land Lot 984 of the 16th land District, 2nd Section, Cobb County, Georgia, being shown as Lot 8, Block B, Unit Three Ashebrooke (formerly Sutton Place), as per plat of record in Plat Book 111, Page 82, being revised in Plat Book 118, page 90 Cobb County Records. The description of said property as contained on said plat is hereby incorporated herein and by reference made a part hereof."**

11.

Nominal Defendant Pendergast & Associates, P.C. has been engaged by Defendant CitiMortgage, Inc. to initiate foreclosure proceedings upon the loan and/or the property which was the subject matter of the litigation described in Paragraph 10, above.

12.

Plaintiff and Defendant CitiMortgage, Inc. reached a Settlement Agreement in the aforementioned matter which became effective on or about September 19, 2013. As a result of the Settlement Agreement Plaintiff filed a Dismissal with Prejudice in that Civil Action referenced in Paragraph 10, above.

13.

According to the terms of the Settlement Agreement Defendant CitiMortgage, Inc. agreed, *inter alia,* to forebear foreclosure upon the loan and/or property which were the subject matter of the litigation indicated in paragraph 10, above, for a period of twelve months beginning March 15, 2013 and ending on the earlier of: (a) March 15, 2014, or (b) permanent modification of the loan. (Please see Plaintiff's Exhibit "A" filed under seal as an attachment to this Complaint.)

14.

On or about June 13, 2014 Defendant CitiMortgage, Inc. agreed to review Plaintiff's Loan Modification, should Plaintiff submit certain documents prior to the close of business on June 27, 2014. (Please see Plaintiff's Exhibit "B" attached to this Complaint.)

15.

Plaintiff submitted the documents referred to in Paragraph 14, above, on or before the time and date indicated by Defendant CitiMortgage, Inc.

16.

On or about July 21, 2014 Defendant CitiMortgage, Inc. notified Plaintiff's counsel through email that Plaintiff would have to submit certain additional documents to complete her loan modification application. (Please see Plaintiff's Exhibit "C" attached to this Complaint.)

17.

Plaintiff submitted the documents referred to in Paragraph 16, above, on or before the time and date indicated by Defendant CitiMortgage, Inc.

18.

On or about October 6, 2014 Defendant CitiMortgage, Inc. notified Plaintiff's counsel through email that Plaintiff would have to submit certain additional documents to complete her loan modification application. (Please see Plaintiff's Exhibit "D" attached to this Complaint.)

19.

Plaintiff submitted the documents referred to in Paragraph 18, above, on or before the time and date indicated by Defendant CitiMortgage, Inc.

20.

On or about December 22, 2014 Defendant CitiMortgage, Inc. notified Plaintiff's counsel through email that Plaintiff would have to submit certain additional documents to complete her loan modification application. (Please see Plaintiff's Exhibit "E" attached to this Complaint.)

21.

Plaintiff submitted the documents referred to in Paragraph 20, above, on or before the time and date indicated by Defendant CitiMortgage, Inc.

22.

On or about January 27, 2015 Plaintiff's counsel contacted Defendant CitiMortgage, Inc.'s counsel to inquire into the length of time which had elapsed since the submission of the documents referred to in Paragraph 20, above. (Please see Plaintiff's Exhibit "F" attached to this Complaint.)

23.

On or about January 28, 2015 Defendant CitiMortgage, Inc's counsel contacted Plaintiff's counsel with information that additional documentation from the Plaintiff had been delivered to Defendant CitiMortgage, Inc. after the date of the documents referred to in Paragraph 20, above. (Please see Plaintiff's Exhibit "G" attached to this Complaint.)

24.

On or about March 13, 2015 Defendant CitiMortgage, Inc. notified Plaintiff's counsel through email that Plaintiff would have to submit certain additional documents to complete her loan modification application. (Please see Plaintiff's Exhibit "H" attached to this Complaint.)

25.

Plaintiff submitted the documents referred to in Paragraph 24, above, on or before the time and date indicated by Defendant CitiMortgage, Inc.

26.

On or about April 23, 2015 Plaintiff's counsel made inquiry to Defendant CitiMortgage, Inc.'s counsel regarding the status of the loan modification application referred to in Paragraph 24, above. (Please see Plaintiff's Exhibit"I" attached to this Complaint.)

27.

On or about April 27, 2015 Plaintiff's counsel made inquiry to Defendant CitiMortgage, Inc.'s counsel regarding the status of the loan modification application referred to in Paragraph 24, above. (Please see Plaintiff's Exhibit"J" attached to this Complaint.)

28.

On or about May 5, 2015 Plaintiff's counsel made inquiry to Defendant CitiMortgage, Inc.'s counsel regarding the status of the loan modification application referred to in Paragraph 24, above. (Please see Plaintiff's Exhibit "K" attached to this Complaint.)

29.

On or about May 7, 2015 Plaintiff's counsel made inquiry to Defendant CitiMortgage, Inc.'s counsel regarding the status of the loan modification application referred to in Paragraph 24, above. (Please see Plaintiff's Exhibit "L" attached to this Complaint.)

30.

On or about June 10, 2015 Defendant CitiMortgage, Inc. indicated through its counsel that Defendant CitiMortgage, Inc. was "not able to evaluate Mrs. Beltz for a loan modification because it has not received a complete loss mitigation application" and that Defendant CitiMortgage, Inc. intended to move forward with foreclosure. (Please see Plaintiff's Exhibit "M" attached to this Complaint.)

31.

Defendant CitiMortgage, Inc.'s stated reason for not being able to evaluate Plaintiff's loan modification was Plaintiff's submission of "an incorrect, outdated 710 form dated February 2013 in connection with her application, despite the fact that the correct, updated 710 form (dated June 2014)" was provided to Plaintiff. (Please see, again, Plaintiff's Exhibit "M" attached to this Complaint.)

32.

On or about June 16, 2015, Plaintiff's counsel contacted Defendant CitiMortgage, Inc.'s counsel through email with information that the February 2013 version of the 710 form and the June 2014 version of the 710 form "bear no difference in substance at all and are, literally, word for word the same as each other." (Please see Plaintiff's Exhibits "N", "O" and "P" attached to this Complaint.)

33.

In that same email communication referred to in Paragraph 32, above, Plaintiff's counsel requested that in light of the identical content of the February 2013 710 form and the June 2014 710 form whether Defendant CitiMortgage, Inc. would reconsider its inability to evaluate

Plaintiff's loss mitigation package. (Please see, again, Plaintiff's Exhibit "N" attached to this Complaint.)

34.

On or about July 8, 2015 Nominal Defendant Pendergast & Associates, P.C. notified Plaintiff Leah Beltz by mail that it had initiated non-judicial foreclosure proceedings on behalf of the Defendant CitiMortgage, Inc.

**COUNT I – INJUNCTIVE RELIEF**

35.

Plaintiff incorporates by reference all of the allegations set forth in Paragraphs 1 through 34, above.

36.

Plaintiff has complied with all provisions of the Settlement Agreement or the modifications to the Settlement Agreement agreed to by Defendant CitiMortgage, Inc.

37.

Plaintiff has complied with all conditions set by Defendant CitiMortgage, Inc. in the submissions of her loan modification applications.

38.

Despite Plaintiff's performance, Defendant CitiMortgage, Inc. has refused to evaluate her loan modification application.

39.

Defendant CitiMortgage, Inc.'s reason for refusing Plaintiff's loan modification based upon the Plaintiff's submission of the February 2013 710 for as opposed to the June 2014 710 form is pretextual.

40.

Defendant CitiMortgage, Inc.'s reason for refusing Plaintiff's loan modification based upon the Plaintiff's submission of the February 2013 710 for as opposed to the June 2014 710 form is in bad faith.

41.

Plaintiff has a valuable interest in her home, which is the property located at 1061 Ashebrooke Way, N.E., Marietta, Cobb County, Georgia 30068, and shall suffer immediate, irreparable injury, loss and damage if the Court does not enjoin Defendant CitiMortgage, Inc. and Nominal Defendant Pendergast & Associates, P.C. from proceeding with their efforts to foreclose upon the Plaintiff's home.

42.

Plaintiff has a substantial likelihood of prevailing on the merits of her claims.

43.

Plaintiff is entitled to an interlocutory injunction to prevent the Defendant CitiMortgage, Inc. and the Nominal Defendant Pendergast & Associates, P.C. from proceeding with their efforts to foreclose upon the Plaintiff's home, as according to O.C.G.A. 9-11-65.

## COUNT II – SPECIFIC PERFORMANCE

44.

Plaintiff incorporates by reference all of the allegations set forth in Paragraphs 1 through 43, above.

45.

Plaintiff and Defendant CitiMortgage, Inc. entered into a written Settlement Agreement to conclude the litigation between them in Cobb Superior Court Civil Action File No. 11-1-4003-40, *Leah Beltz, formerly known as Leah J. Medlin, v. CitiMortgage, Inc.* (Please see Plaintiff's Exhibit "A" attached to this Complaint.)

46.

Said Settlement Agreement anticipates the Plaintiff's intention to apply to the Defendant CitiMortgage, Inc. for a modification of the loan which is the subject matter of the litigation mentioned in Paragraph 45, above.

47.

Plaintiff has complied with all provisions of the Settlement Agreement or the modifications to the Settlement Agreement agreed to by Defendant CitiMortgage, Inc.

48.

Plaintiff has submitted a loan modification to the Defendant CitiMortgage, Inc. on several occasions.

49.

At the time of each submission, Plaintiff met the underwriting criteria for modification of her loan as specified under the guidelines for the "HAMP" program under which she applied.

50.

Plaintiff is entitled to a modification of her loan.

51.

Defendant CitiMortgage, Inc. has refused to evaluate each submission of Plaintiff's loan modification application.

52.

In refusing to evaluate Plaintiff's loan modification application Defendant CitiMortgage, Inc. has not performed as according to the terms contemplated in the Settlement Agreement.

53.

Plaintiff has no adequate remedy at law if she should lose her home to the foreclosure efforts of the Defendant CitiMortgage, Inc. and the Nominal Defendant Pendergast & Associates, P.C.

54.

Plaintiff is entitled to specific performance as per O.C.G.A. 23-2-130.

55.

Plaintiff is entitled to recover her reasonable attorney's fees and the costs of filing and serving this action which shall be proven at the time of trial, but which in no way shall be less than $6,000.00.

## COUNT III – BREACH OF CONTRACT

56.

Plaintiff and Defendant CitiMortgage, Inc. entered into a contract titled as "Compromise, Settlement and Release Agreement" on or about September 19, 2013 in order to conclude the litigation between them in Cobb Superior Court Civil Action File No. 11-1-4003-40, *Leah Beltz, formerly known as Leah J. Medlin, v. CitiMortgage, Inc.* (Please see Plaintiff's Exhibit "A" attached to this Complaint.)

57.

Defendant CitiMortgage, Inc. is in breach of said contract through its failure to evaluate Plaintiff's loan modification application.

58.

Should the Court deny Plaintiff's prayer for Specific Performance, Plaintiff will suffer economic losses and compensatory damages in an amount as shall be proven at the time of trial, but which shall in no way be less than $561,719.77.

59.

Plaintiff is entitled to recover her reasonable attorney's fees and the costs of filing and serving this action which shall be proven at the time of trial, but which in no way shall be less than $6,000.00.

**WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

A) That Legal Process shall issue and that Defendant CitiMortgage, Inc. and Nominal Defendant Pendergast & Associates, P.C. shall be served with Summons and Complaint in this matter;

B) That the Defendant CitiMortgage, Inc. and the Nominal Defendant Pendergast & Associates, P.C. shall be enjoined from foreclosing upon the loan and upon the realty described in Paragraph 10, above, of this Complaint;

C) That a Decree for Specific Performance shall issue requiring the Defendant CitiMortgage, Inc. to evaluate the loan modification application submitted by the Plaintiff;

D) That Rule Nisi shall issue and the Defendant CitiMortgage, Inc. and the Nominal Defendant Pendergast & Associates, P.C. be required to show cause why the prayers of the Plaintiff shall not be granted;

E) That should the Court deny the Plaintiff's prayers for equitable relief that the Plaintiff have and recover a judgment for her compensatory damages against the Defendant CitiMortgage, Inc. in an amount as shall be proven at the time of trial, but which shall in no way be less than $561,719.77;

F) That the Plaintiff shall have and recover her reasonable attorney's fees and the costs of filing and serving this action in an amount as shall be proven at the time of trial, but which in no ways shall be less than $6000.00;

G) That the Plaintiff shall have and recover prejudgment and post-judgment interest at the legal rates;

H) Such other and further relief as shall be just and proper.

Respectfully submitted this _21st_ day of July, 2015.

_____
JEFFREY BULL GRABLE
Attorney for Plaintiff
Georgia Bar No.  303870

Jeffrey Bull Grable
Jeffrey Bull Grable, Attorney at Law, P.C.
1225 Johnson Ferry Road, Suite 125
Marietta, GA 30068
(678) 213-4752

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

LEAH BELTZ, Formerly Known As                :
LEAH J. MEDLIN,                                         :
        Plaintiff,                                       :
                                                            :                CIVIL ACTION
v.                                                               :
                                                            :                FILE No. _____
CITIMORTGAGE, INC.,                                :
        Defendant                                       :
And                                                            :
PENDERGAST & ASSOCIATES, P.C.,        :
        Nominal Defendant.                         :

## **VERIFICATION**

COMES NOW LEAH BELTZ, Plaintiff, who upon being duly sworn deposes as follows:

I have read the foregoing COMPLAINT FOR INJUNCTIVE RELIEF, SPECIFIC

PERFORMANCE AND BREACH OF CONTRACT and the same is true and accurate to the best

of my knowledge and belief.

This __21ST__ day of July, 2015.

_____
LEAH BELTZ

Sworn to and subscribed
Before Me this _____ day
Of July, 2015.

_____
Notary Public

# EXHIBIT "A"

## COMPROMISE, SETTLEMENT AND
## RELEASE AGREEMENT

THIS COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is entered into as of the last date set forth on the signature page ("Effective Date") by and between Leah Medlin Beltz, formerly known as Leah J. Medlin (hereinafter referred to as "Beltz") and CitiMortgage, Inc., including its affiliates and subsidiaries (hereinafter referred to as "CMI"). Beltz and CMI are sometimes collectively referred to herein as the "Parties." The Parties are executing this Agreement with respect to the following matters:

### RECITALS

WHEREAS, there is pending in the Superior Court of Cobb County, Georgia an action entitled Leah Beltz, formerly known as Leah J. Medlin v. CitiMortgage, Inc., Case No. 11-1-4003-40 (the "Litigation") in which Beltz has asserted certain claims against CMI arising out of a loan originating on or about June 27, 2006, for the amount of $382,900.00, loan number 5003543296 (the "Loan"), secured by the property located at 1061 Ashebrooke Way N.E., Marietta, Georgia 30068 (the "Property"); and,

WHEREAS, as of the date of this Agreement, the outstanding balance owed on the Loan is $464,762.22, including unpaid principal in the amount of $367,239.80, accrued interest in the amount of $81,988.80 from March 3, 2010 through the present, escrow advances in the amount of $14,968.75 and other fees and expenses resulting from the continuing default;

WHEREAS, the amount owed on the Loan may change between the date of this Agreement and the date on which the Loan may be modified, as interest will continue to accrue on the loan at the rate of $67.9142 per day, and as taxes and insurance are paid by CMI, and as funds for taxes and insurance are received by CMI from Beltz pursuant to the terms of this Agreement;

WHEREAS, CMI denies that Beltz's claims have any merit; and,

WHEREAS, Beltz and CMI now desire to compromise and settle all claims between them;

NOW THEREFORE, in consideration of the foregoing Recitals and the terms and conditions set forth herein, the Parties hereto agree as follows:

1.    **Beltz's Obligations & Representations.**

A.    <u>Release</u>.  In consideration of the mutual promises contained herein, Beltz does hereby, for herself, her heirs, executors, administrators, attorneys and agents, predecessors, successors, spouses and assigns or representatives of any kind, release, waive, remit, acquit, satisfy and forever discharge CMI, its past, present and future directors, officers (whether acting in such capacity or individually), shareholders, owners, servants, partners, joint venturers, principals, trustees, creditors, attorneys, insurers representatives, employees, managers, parents, subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, successors, assigns and assignees, transferors, transferees, investors, nominees and any agent acting or purporting to act for them or on their behalf from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which Beltz may have or may hereafter have or claim to have against CMI arising out of the Loan or the Property.  This Release includes all claims on behalf of Beltz individually which are asserted in the Litigation and any claims that Beltz could have brought in the Litigation.  In addition, Beltz hereby covenants not to sue CMI or any other person or entity, for any claim Beltz has or may have had as of the date of this Agreement, related to or arising out of the Loan, the Property, and/or the matters mentioned in the recitals herein.

B.    <u>Payments to CMI</u>. Beltz shall pay to CMI the non-refundable amount of twelve hundred dollars and zero cents ($1,200.00) on or before March 15, 2013. Beltz also shall pay to CMI the non-refundable amount of six hundred dollars and zero cents ($600.00) per month for payment of taxes and insurance on the Property beginning on April 15, 2013 and continuing on the 15th day of each successive month thereafter, until the earlier of: (a) March 15, 2014, or (b) permanent modification of the Loan, as discussed herein.  Beltz agrees and acknowledges that her failure to timely pay the monthly tax and insurance payments as described in this paragraph shall constitute an event of default under this Agreement, and shall entitle CMI to initiate foreclosure proceedings on the Loan and Property immediately.

C.    <u>Foreclosure of the Property.</u>  In the event that the Loan is not permanently modified by March 15, 2014, Beltz agrees and acknowledges that she will vacate the Property voluntarily and will not object to, or otherwise interfere with, CMI's foreclosure efforts relating to the Loan and/or Property.

D.    <u>Dismissal of Proceedings</u>.  Within ten (10) days of the execution of this Agreement by all parties, Beltz agrees to cause all claims against CMI in the Litigation to be dismissed with prejudice with each party to bear its own costs and attorney's fees.

## 2. CMI's Obligations and Representations

A.     Forbearance from Foreclosure of the Loan/Property.  CMI agrees not to foreclose and/or collect on the Loan for a period of twelve (12) months, beginning March 15, 2013 and ending on the earlier of: (a) March 15, 2014, or (b) permanent modification of the Loan.  CMI further agrees not to foreclose and/or collect on Plaintiff's second mortgage loan, CMI loan number 0771495479, during the twelve-month period of abeyance discussed herein, and/or if the Loan is permanently modified.

B.     Time to Vacate the Property in the event of Foreclosure.  In the event that CMI initiates foreclosure proceedings on the Loan/Property for the reasons contemplated in this Agreement, CMI agrees to provide Beltz with a period of at least sixty (60) days to vacate the Property.

## 3.     Parties' Mutual Obligations and Representations

A.     Intention of the Parties.  It is the intention of the Parties that this Agreement shall be effective as a full and final accord and release of each and every matter specifically or generally herein referred to. Beltz acknowledges that she may hereafter discover facts in addition to or different from those which she now knows or believes to be true with respect to the Loan, the Property, and Litigation, but it is her intention to fully and finally and forever settle and release any and all matters, disputes and differences known or unknown, suspected or unsuspected, which do now exist, may exist or heretofore have existed between them with respect to any acts or failure to act on the part of CMI with respect to the Loan.   In furtherance of this intention, the release by Beltz herein shall be, and will remain, in effect as a full and complete general release notwithstanding the discovery or existence of any such additional or different facts.

B.     No Admission of Wrongdoing.  This Agreement effects a settlement of claims that are disputed.  This Agreement is a compromise of a dispute resulting from arms-length negotiations conducted by counsel for the Parties with the Parties' full approval and consent and is entered into for the purpose of avoiding the expense and/or burden of litigation. Payment by a party released is not to be construed as an admission of liability on the part of that party, by whom liability is expressly denied.

C.     Binding on Successors.   This Agreement and the covenants and conditions contained herein shall apply to, and be binding upon or inure to the administrators, executors, legal representatives, heirs, assignees, successors, agents and assigns of the Parties hereto.

D.     Construction.  This Agreement shall not be construed against the party preparing it, but shall be construed as if both Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

3

This Agreement is to be interpreted, enforced and governed by and under the laws of the State of Georgia, without giving effect to the conflict-of-laws, rules and principles thereof.

   E.   Modification.  This Agreement shall not be modified by either party by oral representation made before or after the execution of this Agreement.  All modifications must be in writing and signed by the party to be charged therewith.

   F.   Counterparts.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original Agreement, and all of which shall constitute one agreement to be effective as of the Effective Date.  Photocopies or facsimile copies of executed copies of this Agreement may be treated as an original.  A duly authorized attorney may sign on behalf of a corporate entity.

   G.   Severability.  The Parties agree that if any provision of this Agreement should become inconsistent with present or future law having jurisdiction over and otherwise properly governing the subject matter of the provision, such provision shall be deemed to be rescinded or modified in accordance with any such law.  In all other respects, the Parties agree that the other provisions of this Settlement Agreement shall continue and remain in full force and effect.

   H.   Confidentiality.  The Parties agree that the terms of this Agreement shall remain confidential and shall not be disclosed to anyone not a party to this Agreement, other than legal and accounting professionals who are or may be retained by either of the Parties, and who will also be instructed by the Parties to adhere to the same confidentiality agreement, and except to the extent such disclosure is expressly agreed to in writing by the nondisclosing party or is otherwise required by law or the Court.  Notwithstanding the foregoing, either party may disclose the terms of this Agreement to a regulatory agency if requested by such agency.  Each of the Parties, and their respective counsel, agree to maintain the confidentiality of any information not otherwise in the public domain provided by the other party during the settlement of this matter, and will further maintain the confidentiality of statements made and acts taken during the negotiation of this Agreement.

   I.   Tax Reporting.  Beltz acknowledges and agrees that (i) CMI may report any payments/compensation/debt forgiveness made pursuant to this Agreement to the Internal Revenue Service and/or state and local tax authorities or agencies; (ii) Beltz is solely responsible for determining and satisfying any tax liability resulting from any payments made pursuant to this Agreement; and (iii) that CMI has made no representations, or offered any advice or opinion, concerning the tax consequences of the Parties' settlement or payments made under this Agreement

J.    <u>Entire Agreement</u>.  This Agreement contains the entire understanding and agreement between the Parties hereto with respect to the matters referred to herein.   No other representations, covenants, undertakings or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the Parties hereto. The Parties hereto acknowledge that each party has not executed this Agreement in reliance on any such promise, representation or warranty.

Executed this _____4th_____ day of ___September___ 2013.

Leah Beltz, formerly known as Leah J. Medlin

By: _____

SSN: _____266 93 5113_____

Date: _____9/4/2013_____

CitiMortgage, Inc.

By: _____

Title: _____
Susan A. Wood
Vice President

Date: _____Sept 9 2013_____

5

# EXHIBIT "B"

**Subject:**  RE: Beltz v. CitiMortgage Status 5/15/2013

**From:**  Fox, Ashby Kent (afox@burr.com)

**To:**  jeffrey.grable@yahoo.com;

**Date:**  Friday, June 13, 2014 12:38 PM

Jeffrey:

      I hope this message finds you well.  Per the voice message that I left with your office a few moments ago, I am pleased to report that CitiMortgage has agreed, in the interest of good faith and in the hopes of avoiding further unnecessary disputes or litigation, to review Ms. Beltz for a loan modification **one last time**.  Attached hereto are the forms and instructions that Ms. Beltz will need to review, complete, and submit in connection with her application.  Please have her return all of the requested/required documents directly to me **on or before the close of business on Friday, June 27, 2014**.  Should you have any questions or concerns regarding the foregoing, please do not hesitate to contact me.  Thanks, and have a nice weekend.

Ashby

# EXHIBIT "C"

**Subject:** RE: Leah Medlin Beltz - additional documents/information needed to complete loan modification application

**From:** Fox, Ashby Kent (afox@burr.com)

**To:** jeffrey.grable@yahoo.com;

**Date:** Monday, July 21, 2014 10:27 AM

Jeffrey:

I hope this message finds you well.  I have received the below list of additional items/information that Mrs. Beltz needs to submit to complete her loan modification application.  Please have her provide the requested documentation/information **on or before Friday, August 8, 2014**.  Thanks in advance for your help, and please let me know if you have any questions.

***Note:  please advise the borrower that because not all of the stipulations from the divorce decree have been met regarding the subject property, both the borrower and the ex husband (co borrower) must sign any modification paperwork if approved.****

Additional information required:
1. Does the borrower want Randall L Beltz's  (non obligor spouse)  income to be used?  If so we will require a signed letter of authorization advising if 100% of  the income is to be used or name a specific dollar amount for a contribution.  The non obligor spouse will also need to give authorization to pull his credit bureau.  Please include the ss #.  Must be signed and dated.

2. Paystubs for Randall Beltz must include the company name, the  employees name, pay period and year to date earnings.  The borrower provided a payroll ledger and this is not sufficient.  Must also be able to view the deductions.  Has the non obligor spouse worked at this job since the 1st of the year?  At least a months worth of recent consecutive paystubs is required.

3. Verification of the HOA amount and proof that it is current, must be supplied on paperwork generated by the HOA.  A letter from the borrower stating it is paid will not suffice.

4.  New 4506T - the most recent 4506T in filenet has too many cross outs and unreadable items.

5.  The tax transcript for 2011 is on file, however, as of 4/22/14 the IRS states that the 2012 taxes have not been filed.  The borrower appears to have run Turbo Tax for 2011 and 2012 on the 2013 form, with cross outs and not signed and dated.  Underwriter is requiring the 2012 tax transcript.

6.  Please  supply a copy of the extension form sent to the IRS for the 2013 tax return.  A letter stating it was sent will not suffice.

7.  Require a letter of authorization from the daughter (Mariah Medlin) as to how much of her income is to be used for the household expenses.  The current letter is not specific enough.  ( 100% or name a specific contribution amount)

8.  Proof that the daughter lives in the subject property, the bank account receiving the disability payments is in the ex husbands name and address. Phone bill, utility bill etc.

9.  Updated profit & loss thru the 2nd quarter 2014 for the borrowers consignment business.

10.  Address discrepancies - please address by address, not the towns they are in.
220 BENNETT FARMS
ACWORTH, GA 301021355 Since 07-13 Rptd 06-14
2255 CUMBERLAND SE
ATLANTA, GA 30339 Since 08-06 Rptd 01-14
2228 N RIVER
MARIETTA, GA 300661357 Since 06-14 Rptd 07-14



**BURR ● FORMAN** LLP
*results matter*

Ashby Kent Fox ● *Partner*

Suite 1100 ● 171 17th Street NW ● Atlanta, Georgia 30363
direct 404-685-4294 ● fax 404-214-7927 ● main 404-815-3000
afox@burr.com ● www.burr.com
ALABAMA ● FLORIDA ● GEORGIA ● MISSISSIPPI ● TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended
recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the
sender by replying to this message, and then delete this message from your system. Thank you.

# EXHIBIT "D"

**Subject:** RE: Progress on Beltz Modification

**From:** Wilson, Amanda (awilson@burr.com)

**To:** jeffrey.grable@yahoo.com;

**Cc:** afox@burr.com;

**Date:** Monday, October 6, 2014 12:07 PM

Jeffrey:

CitiMortgage needs additional documentation to consider Mr. Beltz's raise in reviewing Ms. Beltz for a loan modification. Below is a list of the additional documents needed at this time. To continue the review, your client must provide the following documents and forms, in full and complete copies, by close of business on October 16, 2014. If you have any questions, please do not hesitate to contact me.

Best,

Amanda

- *Paystubs for the most recent 30 days for Randy Beltz. These must be consecutive, must be computer generated, and must show the employers name, employee's name or Social Security number, current earnings and deductions, and YTD earnings & deductions (if paid once per month we need at least 2 consecutive paystubs).*
- *YTD P&L for Finer Consignments*
- *Completed Workable Solutions - signed and dated within 90 days (must include a list of all monthly income and expenses). A blank form is attached.*
- *Completed 710 Form - signed and dated within 90 days. This form needs to be filled out completely or it will not be valid. A blank form is attached.*

*If your client is unable to provide any of the requested information, please follow up with a signed/dated letter of explanation. Once these items are provided and submitted to underwriting, CitiMortgage may still request additional information if necessary. All correspondence from your client needs to be signed and dated. Also, please note that your client should continue to send current pay stubs or P&L (income documents need to be dated within 30 - 45 days) and current bank statements for all asset accounts during this process. If your client does online banking, please advise her that she will need to provide an e-statement.*

**From:** Jeffrey Grable, Attorney at Law [mailto:jeffrey.grable@yahoo.com]
**Sent:** Friday, September 05, 2014 1:16 PM
**To:** Wilson, Amanda
**Subject:** Re: Progress on Beltz Modification


Dear Amanda:


I am sending more documentation on the Beltz modification matter today.


Have a great weekend,


Jeffrey

Jeffrey Bull Grable
Jeffrey Bull Grable, Attorney at Law, P.C.
3939 Roswell Rd., Suite 350
Marietta, GA 30062
(678) 213-4752
(770) 579-3199 (fax)

*If you receive this message in error, please delete it and notify the sender.*
*NO CLIENT RELATIONSHIP: Communication with an attorney or staff member at this office does not by itself create an*
*attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from an attorney or*
*staff member should be considered informational only and should not be relied or acted upon until a formal attorney-*
*client relationship is established via a written agreement.*

---

**From:** "Wilson, Amanda" <awilson@burr.com>
**To:** "Jeffrey Grable, Attorney at Law" <jeffrey.grable@yahoo.com>

Case 1:15-cv-02649-AT   Document 1-3   Filed 07/27/15   Page 31 of 69

**Cc:** "Fox, Ashby Kent" <afox@burr.com>; "Sullivan, Shea" <ssullivan@burr.com>
**Sent:** Wednesday, August 27, 2014 1:12 PM
**Subject:** RE: Progress on Beltz Modification


Jeffrey:

I have received word from Citi that it is willing to include the additional income information in its review of Ms. Beltz. Please forward documentation of Mr. Beltz's pay increase at your earliest convenience. Also, please go ahead and send updated paystubs and bank statements as well to ensure that all of the necessary documentation remains current for the review.

Thanks,

Amanda

**BURR · · · FORMAN** ᴸᴸᴾ
*results matter*

Amanda E. Wilson • *Attorney at Law*

Suite 1100 • 171 17th Street NW • Atlanta, Georgia 30363
direct 404-685-4273 • fax 404-817-3244 • main 404-815-3000
awilson@burr.com • www.burr.com
ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.



**From:** Fox, Ashby Kent
**Sent:** Tuesday, August 19, 2014 2:56 PM
**To:** Jeffrey Grable, Attorney at Law
**Cc:** Wilson, Amanda
**Subject:** Re: Progress on Beltz Modification

Jeffrey,
    Thanks for your message. I am copying my colleague Amanda Wilson who is handling this matter while I am out on leave. We will pass this along and will get a response to you on the modification application ASAP. Thanks.

Ashby Kent Fox
Partner


Ashby Kent Fox • *Partner*

Suite 1100 • 171 17th Street NW • Atlanta, Georgia 30363
direct 404-685-4294 • fax 404-214-7927 • main 404-815-3000
afox@burr.com • www.burr.com
ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

On Aug 19, 2014, at 2:34 PM, "Jeffrey Grable, Attorney at Law" <jeffrey.grable@yahoo.com> wrote:

Dear Ashby:

I hope things are not too hectic for you as you are planning maternity leave. I am hoping you are healthy and ready for all that is about to occur.

I received word to day that Randy Beltz has just received a pay raise of $8,000.00 per year. If it is possible to have this information presented to the underwriter at this time I would like to do so. I can have documentation of the increase within 24 hours.

Thanks!

Jeffrey

Jeffrey Bull Grable
Jeffrey Bull Grable, Attorney at Law, P.C.
3939 Roswell Rd., Suite 350
Marietta, GA 30062
(678) 213-4752
(770) 579-3199 (fax)

*If you receive this message in error, please delete it and notify the sender.*
*NO CLIENT RELATIONSHIP: Communication with an attorney or staff member at this office does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from an attorney or staff member should be considered informational only and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.*

# EXHIBIT "E"

7/20/2015                                          Print

**Subject:**   Re: Beltz Modification Application

**From:**   Jeffrey Grable, Attorney at Law (jeffrey.grable@yahoo.com)

**To:**   awilson@burr.com;

**Date:**   Monday, December 22, 2014 11:02 AM

Thanks.  I appreciate all your help.  I will contact my client today.  Jeffrey

Sent from Yahoo Mail on Android

From:"Wilson, Amanda" <awilson@burr.com>
Date:Mon, Dec 22, 2014 at 10:59 am
Subject:Beltz Modification Application

Jeffrey:

Despite numerous requests, CitiMortgage still has not received a complete modification application from Ms. Beltz.  CitiMortgage has elected to give her one final opportunity to submit a complete modification package.  She must submit the following documents and fully completed forms **by 2:00 p.m. on December 31, 2014**.  If we do not receive all of these completed forms and required documents by 2:00 p.m. on December 31, Ms. Beltz's application will be denied and she will not be reviewed any further.

Best,

Amanda

• *HOA Statement showing amount and frequency of HOA assessments and status / balance - If HOA is not current, provide a copy of the agreed repayment plan.  \*\*\* We received a payment receipt showing the amount of the last payment, we need a statement showing amount and frequency of HOA assessments and status / balance - If HOA is not current, provide a copy of the agreed repayment plan.*

• *Current utility bill.*

• *2013 Federal Tax Return - all pages, schedules, and attachments.  The 1040 form MUST BE SIGNED AND DATED or a copy of the form 8870 as proof of electronic filing.  \*\*\* The extension for filing 2013 taxes expired on October 15, 2014, we need a copy of the 2013 tax returns to move forward.*

- *4506T for tax years 2012 and 2013 - signed and dated within 60 days. Please complete lines 1a, 1b, 2a, 2b, 3, 4 (if applicable), 5 (Line 5 must read: CoreLogic Credco, 10277 Scripps Ranch Blvd., San Diego, CA 92131, 877-877-9688 Participant #302617 Mailbox ID: CoreLogic), 6 (tax form 1040), 6a, 8, and 9 (for tax years 2012 and 2013). If taxes are filed separately, we need a separate form for each borrower.*

- *Signed and dated letter stating the dollar amount of funds (can be 100% of income) that Randy Beltz contributes to the monthly household income and authorizing us to obtain a Credit Bureau Report - must include Social Security Number and current address. *** The previous letter we received was not dated. This letter is only valid for 60 days.*

- *Paystubs for the most recent 30 days for Randy Beltz. Paystubs must be consecutive, computer generated, and show the employers name; employees name or Social Security number; current earnings and deductions; and YTD earnings & deductions (If paid once per month we need at least 2 consecutive paystubs). *** The last pay stub received was thru 10/15.*

- *Updated bank statements for the account numbers ending in 4870 (last received was thru 11/3), 2957 (last received was thru 10/31), and 0274 (last received was thru 10/27).*

BURR ••• FORMAN
results matter

Amanda E. Wilson • *Attorney at Law*

Suite 1100 • 171 17th Street NW • Atlanta, Georgia 30363
direct 404-685-4273 • fax 404-817-3244 • main 404-815-3000
awilson@burr.com • www.burr.com
ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

# EXHIBIT "F"

**Subject:** Beltz Modification Status

**From:** Jeffrey Grable, Attorney at Law (jeffrey.grable@yahoo.com)

**To:** afox@burr.com; awilson@burr.com; jeffrey.grable@yahoo.com;

**Date:** Tuesday, January 27, 2015 11:59 AM

I hope all is well with each of you. I had surgery in late December and am just returning to work.

My client is concerned with the length of time that has elapsed since submission of her updated information. She feels that what she has presented will be out of date soon, which may affect her adversely, even though she has made efforts to comply fully with CitiMortgage. Please make inquiry as to how long CitiMortgage may need to complete the underwriting/qualification process for Mrs. Beltz' application for modification.

Thanks!

Jeffrey

Jeffrey

Jeffrey Bull Grable
Jeffrey Bull Grable, Attorney at Law, P.C.
3939 Roswell Rd., Suite 350
Marietta, GA 30062
(678) 213-4752
(770) 579-3199 (fax)

*If you receive this message in error, please delete it and notify the sender.*
*NO CLIENT RELATIONSHIP: Communication with an attorney or staff member at this office does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from an attorney or staff member should be considered informational only and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.*

# EXHIBIT "G"

**Subject:**   Re: Beltz Modification Status

**From:**   Fox, Ashby (afox@burr.com)

**To:**   jeffrey.grable@yahoo.com;

**Cc:**   awilson@burr.com; jeffrey.grable@yahoo.com;

**Date:**   Wednesday, January 28, 2015 11:31 AM

Jeffrey,

Thanks for your message, and I hope that you are recovering well and speedily from your surgery. We have inquired about the status of the modification review, and will let you know as soon as we hear back from Citi. You may not be aware of this as I believe you were out of the office for your surgery at the time, but Mrs. Beltz submitted additional documents after the 12/31 final response deadline had expired. I transmitted these to Citi for review, but I do not know the impact these late submissions had on the review, as they were not submitted or received by Citi's firm deadline. We will let you know as soon as we have a response, but please don't hesitate to call with any questions in the meantime. Thanks.

Ashby Kent Fox
Partner


BURR · · · FORMAN

Ashby Kent Fox • *Partner*

Suite 1100 • 171 17th Street NW • Atlanta, Georgia 30363
direct 404-685-4294 • fax 404-214-7927 • main 404-815-3000
afox@burr.com • www.burr.com
ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

# EXHIBIT "H"

| **Subject:** | RE: Beltz Modification |
|---|---|
| **From:** | Fox, Ashby (afox@burr.com) |
| **To:** | jeffrey.grable@yahoo.com; |
| **Cc:** | awilson@burr.com; |
| **Date:** | Friday, March 13, 2015 11:25 AM |

Jeffrey:

      I hope this message finds you well.  Per the detailed voice message that I left for you this morning, CitiMortgage has agreed to provide Mrs. Beltz with one final opportunity to apply for a loan modification.  The documents that she needs to complete and submit are attached and are discussed below.  Please make Mrs. Beltz submit a **complete** package, including all supporting documentation listed herein and any other documents that she would like for CitiMortgage to consider, **on or before the close of business on Friday, April 3, 2015**.  Certain of the items that Mrs. Beltz submitted previously (i.e., divorce decree, quitclaim deed) can be used in connection with this review and are not being requested again.  There are also some new documents (i.e., the Loan Clarification statement) that investors are now requiring, that were not required previously and thus were not requested in connection with her prior applications.

Again, please make Mrs. Beltz aware that any documents submitted after the close of business on April 3 will not be considered as part of this final modification review.   Your cooperation and assistance with the foregoing is sincerely appreciated, and as always, please don't hesitate to contact me if you or Mrs. Beltz have any questions.  Thanks.

Ashby

## *LOAN CLARIFICATION:*

*All parties who executed the original note and mortgage must sign/execute the required documents for the new transaction.*

*~If one of the borrower's on the original note has been awarded the property through a divorce, the divorce decree does not relieve the other borrower on the note from obligation. Both borrowers would still be required to sign the modification agreement.*

*Detailed hardship letter with date hardship began specific hardship details and whether or not hardship has been resolved.  Must be signed/dated.*

*Completed Workable Solutions package – signed and dated within 90 days (must include a list of all sources of monthly income and expenses).*

*Completed 710 Form (FNMA, FHLMC) - signed and dated within 90 days (Current form is date stamped 6/2014 in lower right corner). This form needs to be filled out completely or it will not be valid.*

*Dodd Frank Certificate - signed and dated within 90 days.*

*4506T for tax years 2012 and 2013 (after 4/15/2015 – 2013 and 2014 tax returns) - signed and dated within 120 days. Please complete lines 1a, 1b, 2a, 2b, 3, 4 (if applicable), 5 (Line 5 must read: CoreLogic Credco, 10277 Scripps Ranch Blvd., San Diego, CA 92131, 877-877-9688 Participant #302617 Mailbox ID: CoreLogic), 6 (tax form 1040), 6a, 8, and 9 (for tax years 2012 and 2013). If taxes are filed separately, we need a separate form for each borrower.*

*2012 and 2013 Federal Tax Returns (after 4/15/2015 – 2013 and 2014 tax returns) - all pages, schedules, and attachments. The 1040 form must be signed and dated **OR** provide a copy of the form 8879 as proof of electronic filing. If tax returns for the latest year are not available, please provide a letter of explanation and the form 4868 as proof of extension filing.*

*Asset statements (paper statement or e-statement) for the two most recent months – ALL accounts, all pages even if blank. Cannot be activity printouts - must be copies of statements. Please provide a letter of explanation for all deposits that are not verified on the bank statement as payroll, social sec, pension, etc.*

*Paystubs for the most recent 30 days - must be consecutive. Paystubs must be computer generated and show the employers name; employee's name or Social Security number; current earnings and deductions; and YTD earnings & deductions (If paid once per month we need at least 2 consecutive paystubs). If borrower is a teacher we will need a copy of annual teacher's contract (that includes frequency of pay - 9, 10, or 12-month pay cycle) for income validation.*

*If applicable - Alternative income documentation, such as Current Year Social Security Award Letter, Retirement Award Letter – along with proof of receipt of income for the most recent 3 months.*

*<u>IF SELF- EMPLOYED or a 1099 EMPLOYEE, WE NEED THE FOLLOWING:</u>*

*Profit and Loss for the most recent full quarter. The P&L can be self-prepared and can be handwritten, however the form must be LEGIBLE. The Statement must be signed and dated and is required to reflect the following:*

*Name of the business (or Borrower's name if no business name)*

*Dates/Period covered by the P&L*

*Income generated*

*Itemized BUSINESS expenses*

*Total Profit or Loss*

*Three months current business bank statements (paper statement or e-statement) - all pages. Cannot be activity printouts - must be copies of actual bank statements – OR – Letter of Explanation if Borrower does not maintain a separate Business bank account*

## IF USING AWARDED FIXED INCOME FOR A MINOR, WE NEED THE FOLLOWING:

*Current Award letters, disability policy or benefits statement from the provider including – Borrower / Co-borrower name, dependent's name, and amount of payment.   OR 2 most recent bank statements showing deposits.*

## NON-BORROWER INCOME DOCUMENTATION REQUIREMENTS:

*Only income from parties who reside in the subject property can be used for qualification.*

*Signed and dated letter stating the dollar amount of funds (can be 100% of income) the non-borrower contributes to the monthly household income and authorizing us to obtain a Credit Bureau Report - must include Social Security Number and current address.   *** This form is only valid for 60 days.*

*Paystubs for the most recent 30 days for the non-borrower.  Paystubs must be consecutive, computer generated, and show the employers name; employees name or Social Security number; current earnings and deductions; and YTD earnings & deductions (If paid once per month we need at least 2 consecutive paystubs)*

*If Applicable - Alternative income documentation, such as Current Social Security Award Letter, Retirement Award Letter and current Statement, etc*

*If self-employed - Profit & Loss Statement covering the last complete quarter.  The P&L can be self-prepared but MUST be typed - no handwritten P&L's will be accepted, and must be signed and dated.*

*If self-employed - 4506T for tax years 2012 and 2013 - signed and dated within 60 days (Information in Box 5 must be:  CoreLogic Credco, 10277 Scripps Ranch Blvd., San Diego, CA 92131, 877-877-9688 Participant #302617  Mailbox ID: CoreLogic)*

*If self-employed – 2012 and 2013 Federal Tax Return – all pages, schedules, and attachments.  The 1040 form must be signed and dated __OR__  provide proof of electronic filing.  If tax returns are not available, please provide a letter of explanation and proof of extension filing.*

*If self-employed - Bank statements (paper statement or e-statement) for the two most recent months - all pages even if blank.  Cannot be activity printouts - must be copies of bank statements*

BURR • • • FORMAN LLP
*results matter*

**Ashby Kent Fox • *Partner***

Suite 1100 • 171 17th Street NW • Atlanta, Georgia 30363
direct 404-685-4294 • fax 404-214-7927 • main 404-815-3000
afox@burr.com • www.burr.com
ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

# EXHIBIT "I"

**Subject:** Beltz Modification Status Update

**From:** Jeffrey Grable, Attorney at Law (jeffrey.grable@yahoo.com)

**To:** afox@burr.com;

**Date:** Thursday, April 23, 2015 12:35 PM

Dear Ashby:

Mrs. Beltz is anxious over the amount of time which has passed following the submission of the modification packet. Please excuse my question, but I told her that I would ask you if there was any word on the progress of her submission. Would you let me know if there is any word on the status of her application?

I hope you are well. Things are going very well for me. Please note my new address below.

Thanks!

*Jeffrey*

Jeffrey Bull Grable
Jeffrey Bull Grable, Attorney at Law, P.C.
1225 Johnson Ferry Road, Suite 125
Marietta, GA 30068
(678) 213-4752
(770) 579-3199 (fax)

*If you receive this message in error, please delete it and notify the sender.*

*NO CLIENT RELATIONSHIP: Communication with an attorney or staff member at this office does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from an attorney or staff member should be considered informational only and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.*

# EXHIBIT "J"

Print

**Subject:** Leah Beltz Modification Status

**From:** Jeffrey Grable, Attorney at Law (jeffrey.grable@yahoo.com)

**To:** afox@burr.com;

**Date:** Monday, April 27, 2015 1:58 PM

Dear Ashby:

I am getting pressure from my client regarding the progress of the modification. Could you make inquiry into the situation?

Thanks,

*Jeffrey*

Jeffrey Bull Grable
Jeffrey Bull Grable, Attorney at Law, P.C.
1225 Johnson Ferry Road, Suite 125
Marietta, GA 30068
(678) 213-4752
(770) 579-3199 (fax)

*If you receive this message in error, please delete it and notify the sender.*

*NO CLIENT RELATIONSHIP: Communication with an attorney or staff member at this office does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from an attorney or staff member should be considered informational only and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.*

# EXHIBIT "K"

**Subject:**  Update on Conference with CitiMortgage Re: Beltz Modification

**From:**  Jeffrey Grable, Attorney at Law (jeffrey.grable@yahoo.com)

**To:**  afox@burr.com;

**Cc:**  jeffrey.grable@yahoo.com;

**Date:**  Tuesday, May 5, 2015 9:59 AM

Dear Ashby:

I hope things are going well and your son is feeling better. I was wanting to see if you were able to speak with CitiMortgage regarding Mrs. Beltz' modification application.

Pleas let me know,

*Jeffrey*

Jeffrey Bull Grable
Jeffrey Bull Grable, Attorney at Law, P.C.
1225 Johnson Ferry Road, Suite 125
Marietta, GA 30068
(678) 213-4752
(770) 579-3199 (fax)

*If you receive this message in error, please delete it and notify the sender.*

*NO CLIENT RELATIONSHIP: Communication with an attorney or staff member at this office does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice.  Any communication from an attorney or staff member should be considered informational only and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.*

# EXHIBIT "L"

Print

**Subject:** Beltz Modification Status

**From:** Jeffrey Grable, Attorney at Law (jeffrey.grable@yahoo.com)

**To:** afox@burr.com;

**Date:** Thursday, May 7, 2015 11:40 AM

Dear Ashby:

I hate to be a pain.

Mrs. Beltz is calling me every day about this matter. She has been notified by the Home Owner's Association of their intention to seek sanctions regarding failure to paint the house at the next association meeting. Painting this home is expensive and Mrs. Beltz is not going to do it if the modification application fails.

I am reporting this to you so that you might understand why I am pestering you.

Thanks,

*Jeffrey*

Jeffrey Bull Grable
Jeffrey Bull Grable, Attorney at Law, P.C.
1225 Johnson Ferry Road, Suite 125
Marietta, GA 30068
(678) 213-4752
(770) 579-3199 (fax)

*If you receive this message in error, please delete it and notify the sender.*

*NO CLIENT RELATIONSHIP: Communication with an attorney or staff member at this office does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from an attorney or staff member should be considered informational only and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.*

# EXHIBIT "M"

**BURR · · · FORMAN** LLP

*results matter*

afox@burr.com
Direct Dial: (404) 685-4294
Direct Fax: (404) 214-7927

171 Seventeenth Street, NW
SUITE 1100
Atlanta, GA 30363

_____

*Office* (404) 815-3000
*Fax* (404) 817-3244
*Toll-free* (877) FOR-BURR

BURR.COM

June 10, 2015

**VIA EMAIL, WITH ORIGINAL TO FOLLOW BY U.S. MAIL**

Jeffrey Bull Grable, Esq.
3939 Roswell Road, Suite 350
Marietta, Georgia  30062

      Re:    **Leah Beltz, formerly known as Leah J. Medlin v. CitiMortgage, Inc.,**
              **Superior Court of Cobb County, Georgia; Civil Action No. 11-1-4003-40**

Dear Jeffrey:

    I hope this message finds you well.  I am writing to inform you that CitiMortgage is not able to evaluate Mrs. Beltz for a loan modification because it has not received a complete loss mitigation application. Mrs. Beltz submitted an incorrect, outdated 710 form dated February 2013 in connection with her application, despite the fact that the correct, updated 710 form (dated June 2014) was attached to my April 3, 2015 email to you providing the necessary documents to be submitted in connection with the application.  We do not know where Mrs. Beltz obtained the outdated form, or why she chose to submit that form rather than the correct form that was attached to and referenced in my April 3 email.

    In light of the foregoing, and given the numerous opportunities that Mrs. Beltz has been given to apply for a modification in this matter, CitiMortgage intends to move forward with foreclosure efforts on the property at this time.  In accordance with the parties' agreements in the Compromise, Settlement and Release Agreement that the parties entered into in September 2013 (the "Settlement Agreement"), and notwithstanding the fact that Mrs. Beltz has violated her obligations to CitiMortgage under the Settlement Agreement by, among other actions, filing bankruptcy in an effort to frustrate CitiMortgage's foreclosure efforts, CitiMortgage is willing to allow Mrs. Beltz a period of sixty (60) days, beginning June 15, 2015 and ending August 15, 2015, within which to vacate the property voluntarily.  As soon as Mrs. Beltz has vacated the property (on or before August 15, 2015), please provide me with written confirmation of same so that I can notify CitiMortgage that the property is vacant and can be re-keyed/secured accordingly.

24266619 v2

Jeffrey Bull Grable, Esq.
June 10, 2015
Page 2

_____

     As always, your assistance and cooperation with this matter is sincerely appreciated. Should you have any questions or concerns, please do not hesitate to contact me.

                Very truly yours,

                Ashby K. Fox

AKF/jr

# EXHIBIT "N"

**Subject:** Your Letter of June 10, 2015 in Beltz v. CitiMortgage

**From:** Jeffrey Grable, Attorney at Law (jeffrey.grable@yahoo.com)

**To:** afox@burr.com;

**Date:** Tuesday, June 16, 2015 2:18 PM

Dear Ashby:

I reviewed your letter of June 10, 2015. As I understand your letter, CitiMortgage has not been able to evaluate Mrs. Beltz' because she submitted the February 2013 version of the 710 form instead of the June 2014 version of the 710 form. You indicated that Mrs. Beltz had been supplied the proper 710 form in your email attachment to me of April 3, 2015.

My review of our correspondence reveals no email with attachments was recevied by me on April 3, 2015, but that our March 13, 2015 correspondence contained the attachments with the forms for Mrs. Beltz' modification packet. I noted that the June 2014 710 form was attached to this correspondence from your office.

I compared the February 2013 710 form to the June 2014 710 form and found them to contain exactly the same words, requesting exactly the same information in exactly the same order. The forms bear no difference in substance at all and are, literally, word for word the same as each other. The sole differences between the February 2013 710 form and the June 2014 710 form are shading, font and font size. These distinctions do not alter the content of the documents whatsoever.

I request that you make your own review of the February 2013 710 form and the June 2014 710 form and that you discuss these observations with CitiMortgage to see if they are still unable to evaluate Mrs. Beltz' loss mitigtion package.

*Jeffrey*

Jeffrey Bull Grable
Jeffrey Bull Grable, Attorney at Law, P.C.
1225 Johnson Ferry Road, Suite 125
Marietta, GA 30068
(678) 213-4752
(770) 579-3199 (fax)

*If you receive this message in error, please delete it and notify the sender.*

*NO CLIENT RELATIONSHIP: Communication with an attorney or staff member at this office does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from an attorney or staff member should be considered informational only and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.*

# EXHIBIT "O"

## UNIFORM BORROWER ASSISTANCE FORM

If you are experiencing a temporary or long-term hardship and need help, you must complete and submit this form along with other required documentation to be considered for available solutions. On this page, you must disclose information about (1) you and your intentions to either keep or transition out of your home; (2) the property's status; (3) bankruptcy; and (4) your credit counseling agency.

On Page 2, you must disclose information about all of your income, expenses and assets. Page 2 also lists the required income documentation that you must submit in support of your request for assistance. Then on Page 3, you must complete the Hardship Affidavit in which you disclose the nature of your hardship. The Hardship Affidavit informs you of the required documentation that you must submit in support of your hardship claim.

**NOTICE:** In addition, when you sign and date this form, you will make important certifications, representations and agreements, including certifying that all of the information in this Borrower Assistance Form is accurate and truthful and any identified hardship has contributed to your submission of this request for mortgage relief.

**REMINDER:** The Borrower Response Package you need to return consists of: (1) this completed, signed and dated Borrower Assistance Form; (2) completed and signed IRS Form 4506T-EZ (4506T for self-employed borrowers or borrowers with rental income); (3) required income documentation; and (4) required hardship documentation.

| Loan Number | (usually found on your monthly mortgage statement) |
|---|---|
| Servicer's Name | |

| I want to: | ☐ Keep the Property | ☐ Vacate the Property | ☐ Sell the Property | ☐ Undecided |
|---|---|---|---|---|

| The property is currently: | ☐ My Primary Residence | ☐ A Second Home | ☐ An Investment Property |
|---|---|---|---|

| The property is currently: | ☐ Owner Occupied | ☐ Renter Occupied | ☐ Vacant |
|---|---|---|---|

| BORROWER | CO-BORROWER |
|---|---|
| BORROWER'S NAME | CO-BORROWER'S NAME |
| SOCIAL SECURITY NUMBER / DATE OF BIRTH | SOCIAL SECURITY NUMBER / DATE OF BIRTH |
| HOME PHONE NUMBER WITH AREA CODE | HOME PHONE NUMBER WITH AREA CODE |
| CELL OR WORK NUMBER WITH AREA CODE | CELL OR WORK NUMBER WITH AREA CODE |
| MAILING ADDRESS | |
| PROPERTY ADDRESS (IF SAME AS MAILING ADDRESS, JUST WRITE SAME) | EMAIL ADDRESS |

Is the property listed for sale? ☐ Yes ☐ No
If yes, what was the listing date? _____
If property has been listed for sale, have you received an offer on the property? ☐ Yes ☐ No
Date of offer: _____ Amount of Offer: $ _____
Agent's Name: _____
Agent's Phone Number: _____
For Sale by Owner? ☐ Yes ☐ No

Have you contacted a credit counseling agency for help?
☐ Yes ☐ No
If yes, please complete the counselor contact information below:
Counselor's Name: _____
Agency's Name: _____
Counselor's Phone Number: _____
Counselor's Email Address: _____

Do you have condominium or homeowner association (HOA) fees? ☐ Yes ☐ No

Total monthly amount: $ _____   Name and address that fees are paid to: _____

Have you filed for bankruptcy? ☐ Yes ☐ No   If yes: ☐ Chapter 7 ☐ Chapter 11 ☐ Chapter 12 ☐ Chapter 13

If yes, what is the filing Date: _____ Has your bankruptcy been discharged? ☐ Yes ☐ No   Bankruptcy case number: _____

| Is any Borrower an active duty service member? | ☐ Yes | ☐ No |
|---|---|---|
| Has any Borrower been deployed away from his/her primary residence or received a Permanent Change of Station order? | ☐ Yes | ☐ No |
| Is any Borrower the surviving spouse of a deceased service member who was on active duty at the time of death? | ☐ Yes | ☐ No |

## UNIFORM BORROWER ASSISTANCE FORM

| Monthly Household Income | | Monthly Household Expenses and Debt Payments | | Household Assets (associated with the property and/or borrower(s)excluding retirement funds) | |
|---|---|---|---|---|---|
| Gross wages | $ | First Mortgage Payment | $ | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Payment | $ | Checking Account(s) | $ |
| Child Support / Alimony* | $ | Homeowner's Insurance | $ | Savings / Money Market | $ |
| Non-taxable social security/SSDI | $ | Property Taxes | $ | CDs | $ |
| Taxable SS benefits or other monthly income from annuities or retirement plans | $ | Credit Cards / Installment Loan(s) (total minimum payment per month) | $ | Stocks / Bonds | $ |
| Tips, commissions, bonus and self-employed income | $ | Alimony, child support payments | $ | Other Cash on Hand | $ |
| Rents Received | $ | Car Lease Payments | $ | Other Real Estate (estimated value) | $ |
| Unemployment Income | $ | HOA/Condo Fees/Property Maintenance | $ | Other | $ |
| Food Stamps/Welfare | $ | Mortgage Payments on other properties | $ | | $ |
| Other | $ | Other | $ | | $ |
| Total (Gross Income) | $ | Total  Household Expenses  and Debt Payments | $ | Total Assets | $ |

Any other liens (mortgage liens, mechanics liens, tax liens, etc.)

| Lien Holder's Name | Balance and Interest Rate | Loan Number | Lien Holder's Phone Number |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

### Required Income Documentation

☐ **Do you earn a salary or hourly wage?**
For each borrower who is a salaried employee or paid by the hour, include paystub(s) reflecting the most recent 30 days' earnings and documentation reflecting year-to-date earnings, if not reported on the paystubs (e.g. signed letter or printout from employer).

☐ **Are you self-employed?**
For each borrower who receives self-employed income, include a complete, signed individual federal income tax return and, as applicable, the business tax return; AND either the most recent signed and dated quarterly or year-to-date profit/loss statement that reflects activity for the most recent three months; OR copies of bank statements for the business account for the last two months evidencing continuation of business activity.

☐ **Do you have any additional sources of income? Provide for each borrower as applicable.**
"Other Earned Income" such as bonuses, commissions, housing allowance, tips, or overtime:
☐ Reliable third-party documentation describing the amount and nature of the income (e.g., paystub, employment contract or printouts documenting tip income).
Social Security, disability or death benefits, pension, public assistance, or adoption assistance:
☐ Documentation showing the amount and frequency of the benefits, such as letters, exhibits, disability policy or benefits statement from the provider, and
☐ Documentation showing the receipt of payment, such as copies of the two most recent bank statements showing deposit amounts.
Rental income:
☐ Copy of the most recent filed federal tax return with all schedules, including Schedule E—Supplement Income and Loss.  Rental income for qualifying purposes will be 75% of the gross rent you reported reduced by the monthly debt service on the property, if applicable; or
☐ If rental income is not reported on Schedule E – Supplemental Income and Loss, provide a copy of the current lease agreement with either bank statements or cancelled rent checks demonstrating receipt of rent.
Investment income:
☐ Copies of the two most recent investment statements or bank statements supporting receipt of this income.
Alimony, child support, or separation maintenance payments as qualifying income:*
☐ Copy of divorce decree, separation agreement, or other written legal agreement filed with a court, or court decree that states the amount of the alimony, child support, or separation maintenance payments and the period of time over which the payments will be received, and
☐ Copies of your two most recent bank statements or other third-party documents showing receipt of payment.

*Notice: Alimony, child support, or separate maintenance income need not be revealed if you do not choose to have it considered for repaying this loan.

## UNIFORM BORROWER ASSISTANCE FORM

### HARDSHIP AFFIDAVIT

I am requesting review of my current financial situation to determine whether I qualify for temporary or permanent mortgage loan relief options.     Date Hardship Began is:

I believe that my situation is:

☐ Short-term (under 6 months)     ☐ Medium-term (6 – 12 months)     ☐ Long-term or Permanent Hardship (greater than 12 months)

**I am having difficulty making my monthly payment because of reason set forth below:**
*(Please check the primary reason and submit required documentation demonstrating your primary hardship)*

| If Your Hardship is: | Then the Required Hardship Documentation is: | |
|---|---|---|
| ☐ Unemployment | ☐ | No hardship documentation required |
| ☐ Reduction in Income: a hardship that has caused a decrease in your income due to circumstances outside your control (e.g., elimination of overtime, reduction in regular working hours, a reduction in base pay) | ☐ | No hardship documentation required |
| ☐ Increase in Housing Expenses: a hardship that has caused an increase in your housing expenses due to circumstances outside your control | ☐ | No hardship documentation required |
| ☐ Divorce or legal separation; Separation of Borrowers unrelated by marriage, civil union or similar domestic partnership under applicable law | ☐ | Divorce decree signed by the court; OR |
| | ☐ | Separation agreement signed by the court; OR |
| | ☐ | Current credit report evidencing divorce, separation, or non-occupying borrower has a different address; OR |
| | ☐ | Recorded quitclaim deed evidencing that the non-occupying Borrower or co-Borrower has relinquished all rights to the property |
| ☐ Death of a borrower or death of either the primary or secondary wage earner in the household | ☐ | Death certificate; OR |
| | ☐ | Obituary or newspaper article reporting the death |
| ☐ Long-term or permanent disability; Serious illness of a borrower/co-borrower or dependent family member | ☐ | Proof of monthly insurance benefits or government assistance (if applicable); OR |
| | ☐ | Written statement or other documentation verifying disability or illness; OR |
| | ☐ | Doctor's certificate of illness or disability; OR |
| | ☐ | Medical bills |
| | | None of the above shall require providing detailed medical information. |
| ☐ Disaster (natural or man-made) adversely impacting the property or Borrower's place of employment | ☐ | Insurance claim; OR |
| | ☐ | Federal Emergency Management Agency grant or Small Business Administration loan; OR |
| | ☐ | Borrower or Employer property located in a federally declared disaster area |
| ☐ Distant employment transfer / Relocation | | **For active duty service members:** Notice of Permanent Change of Station (PCS) or actual PCS orders. |
| | | **For employment transfers/new employment:** |
| | ☐ | Copy of signed offer letter or notice from employer showing transfer to a new employment location; OR |
| | ☐ | Pay stub from new employer; OR |
| | ☐ | If none of these apply, provide written explanation |
| | | In addition to the above, documentation that reflects the amount of any relocation assistance provided, if applicable (not required for those with PCS orders). |
| ☐ Business Failure | ☐ | Tax return from the previous year (including all schedules) AND |
| | ☐ | Proof of business failure supported by one of the following: |
| | ☐ | Bankruptcy filing for the business; OR |
| | ☐ | Two months recent bank statements for the business account evidencing cessation of business activity; OR |
| | ☐ | Most recent signed and dated quarterly or year-to-date profit and loss statement |
| ☐ Other: a hardship that is not covered above | ☐ | Written explanation describing the details of the hardship and relevant documentation |

**Borrower/Co-Borrower Acknowledgement and Agreement**

I certify, acknowledge, and agree to the following:

1. All of the information in this Borrower Assistance Form is truthful and the hardship that I have identified contributed to my need for mortgage relief.

2. The accuracy of my statements may be reviewed by the Servicer, owner or guarantor of my mortgage, their agent(s), or an authorized third party*, and I may be required to provide additional supporting documentation. I will provide all requested documents and will respond timely to all Servicer, or authorized third party*, communications.

3. Knowingly submitting false information may violate Federal and other applicable law.

4. If I have intentionally defaulted on my existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this request for mortgage relief or if I do not provide all required documentation, the Servicer may cancel any mortgage relief granted and may pursue foreclosure on my home and/or pursue any available legal remedies.

5. The Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.

6. I may be eligible for a trial period plan, repayment plan, or forbearance plan. If I am eligible for one of these plans, I agree that:
   a. All the terms of this Acknowledgment and Agreement are incorporated into such plan by reference as if set forth in such plan in full.
   b. My first timely payment under the plan will serve as acceptance of the terms set forth in the notice of the plan sent by the Servicer.
   c. The Servicer's acceptance of any payments under the plan will not be a waiver of any acceleration of my loan or foreclosure action that has occurred and will not cure my default unless such payments are sufficient to completely cure my entire default under my loan.
   d. Payments due under a trial period plan for a modification will contain escrow amounts. If I was not previously required to pay escrow amounts, and my trial period plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior waiver is revoked. Payments due under a repayment plan or forbearance plan may or may not contain escrow amounts. If I was not previously required to pay escrow amounts and my repayment plan or forbearance plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior escrow waiver is revoked.

7. A condemnation notice has not been issued for the property.

8. The Servicer or authorized third party* will obtain a current credit report on all borrowers obligated on the Note.

9. The Servicer or authorized third party* will collect and record personal information that I submit in this Borrower Response Package and during the evaluation process. This personal information may include, but is not limited to: (a) my name, address, telephone number, (b) my social security number, (c) my credit score, (d) my income, and (e) my payment history and information about my account balances and activity. I understand and consent to the Servicer or authorized third party*, as well as any investor or guarantor (such as Fannie Mae or Freddie Mac), disclosing my personal information and the terms of any relief or foreclosure alternative that I receive to the following:
   a. Any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) or any companies that perform support services to them; and
   b. The U.S. Department of Treasury, Fannie Mae and Freddie Mac, in conjunction with their responsibilities under the Making Home Affordable program, or any companies that perform support services to them.

10. I consent to being contacted concerning this request for mortgage assistance at any telephone number, including mobile telephone number, or email address I have provided to the Lender/Servicer/ or authorized third party*. By checking this box, I also consent to being contacted by ☐ text messaging.

_____    _____    _____    _____
Borrower Signature                            Date                Co-Borrower Signature                    Date

*An authorized third party may include, but is not limited to, a counseling agency, Housing Finance Agency (HFA) or other similar entity that is assisting me in obtaining a foreclosure prevention alternative.

# EXHIBIT "P"

## UNIFORM BORROWER ASSISTANCE FORM

If you are experiencing a temporary or long-term hardship and need help, you must complete and submit this form along with other required documentation to be considered for available solutions. On this page, you must disclose information about (1) you and your intentions to either keep or transition out of your home; (2) the property's status; (3) bankruptcy; and (4) your credit counseling agency.

On Page 2, you must disclose information about **all** of your income, expenses and assets. Page 2 also lists the required income documentation that you must submit in support of your request for assistance. Then on Page 3, you must complete the Hardship Affidavit in which you disclose the nature of your hardship. The Hardship Affidavit informs you of the required documentation that you must submit in support of your hardship claim.

**NOTICE:** In addition, when you sign and date this form, you will make important certifications, representations and agreements, including certifying that all of the information in this Borrower Assistance Form is accurate and truthful and any identified hardship has contributed to your submission of this request for mortgage relief.

**REMINDER:** The Borrower Response Package you need to return consists of: (1) this completed, signed and dated Borrower Assistance Form; (2) completed and signed IRS Form 4506T-EZ (4506T for self-employed borrowers or borrowers with rental income); (3) required income documentation; and (4) required hardship documentation.

| | |
|---|---|
| Loan Number _____ | (usually found on your monthly mortgage statement) |
| Servicer's Name _____ | |

| I want to: | ☐ Keep the Property | ☐ Vacate the Property | ☐ Sell the Property | ☐ Undecided |
|---|---|---|---|---|
| **The property is currently:** | ☐ My Primary Residence | ☐ A Second Home | ☐ An Investment Property | |
| **The property is currently:** | ☐ Owner Occupied | ☐ Renter Occupied | ☐ Vacant | |

| BORROWER | CO-BORROWER |
|---|---|
| BORROWER'S NAME | CO-BORROWER'S NAME |
| SOCIAL SECURITY NUMBER / DATE OF BIRTH | SOCIAL SECURITY NUMBER / DATE OF BIRTH |
| HOME PHONE NUMBER WITH AREA CODE | HOME PHONE NUMBER WITH AREA CODE |
| CELL OR WORK NUMBER WITH AREA CODE | CELL OR WORK NUMBER WITH AREA CODE |
| MAILING ADDRESS | |
| PROPERTY ADDRESS (IF SAME AS MAILING ADDRESS, JUST WRITE SAME) | EMAIL ADDRESS |

| | |
|---|---|
| Is the property listed for sale? ☐ Yes ☐ No | Have you contacted a credit counseling agency for help? |
| If yes, what was the listing date? _____ | ☐ Yes ☐ No |
| If property has been listed for sale, have you received an offer on the property? ☐ Yes ☐ No | If yes, please complete the counselor contact information below: |
| Date of offer: _____ Amount of Offer: $ _____ | Counselor's Name: _____ |
| Agent's Name: | Agency's Name: _____ |
| Agent's Phone Number: | Counselor's Phone Number: _____ |
| For Sale by Owner? ☐ Yes ☐ No | Counselor's Email Address: _____ |

| | |
|---|---|
| Do you have condominium or homeowner association (HOA) fees? ☐ Yes ☐ No | |
| Total monthly amount: $ | Name and address that fees are paid to: |

| | |
|---|---|
| Have you filed for bankruptcy? ☐ Yes ☐ No If yes: ☐ Chapter 7 ☐ Chapter 11 ☐ Chapter 12 ☐ Chapter 13 | |
| If yes, what is the filing Date: _____ Has your bankruptcy been discharged? ☐ Yes ☐ No Bankruptcy case number: _____ | |

| | | |
|---|---|---|
| Is any Borrower an active duty service member? | ☐ Yes | ☐ No |
| Has any Borrower been deployed away from his/her primary residence or received a Permanent Change of Station order? | ☐ Yes | ☐ No |
| Is any Borrower the surviving spouse of a deceased service member who was on active duty at the time of death? | ☐ Yes | ☐ No |

## UNIFORM BORROWER ASSISTANCE FORM

| Monthly Household Income | | Monthly Household Expenses and Debt Payments | | Household Assets (associated with the property and/or borrower(s) excluding retirement funds) | |
|---|---|---|---|---|---|
| Gross wages | $ | First Mortgage Payment | $ | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Payment | $ | Checking Account(s) | $ |
| Child Support / Alimony* | $ | Homeowner's Insurance | $ | Savings / Money Market | $ |
| Non-taxable social security/SSDI | $ | Property Taxes | $ | CDs | $ |
| Taxable SS benefits or other monthly income from annuities or retirement plans | $ | Credit Cards / Installment Loan(s) (total minimum payment per month) | $ | Stocks / Bonds | $ |
| Tips, commissions, bonus and self-employed income | $ | Alimony, child support payments | $ | Other Cash on Hand | $ |
| Rents Received | $ | Car Lease Payments | $ | Other Real Estate (estimated value) | $ |
| Unemployment Income | $ | HOA/Condo Fees/Property Maintenance | $ | Other | $ |
| Food Stamps/Welfare | $ | Mortgage Payments on other properties | $ | | $ |
| Other | $ | Other | $ | | $ |
| Total (Gross Income) | $ 0 | Total Household Expenses and Debt Payments | $ 0 | Total Assets | $ 0 |

Any other liens (mortgage liens, mechanics liens, tax liens, etc.)

| Lien Holder's Name | Balance and Interest Rate | Loan Number | Lien Holder's Phone Number |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

### Required Income Documentation

☐ **Do you earn a salary or hourly wage?**
For each borrower who is a salaried employee or paid by the hour, include paystub(s) reflecting the most recent 30 days' or four weeks' earnings and documentation reflecting year-to-date earnings, if not reported on the paystubs (e.g. signed letter or printout from employer).

☐ **Are you self-employed?**
For each borrower who receives self-employed income, include a complete, signed individual federal income tax return and, as applicable, the business tax return; AND either the most recent signed and dated quarterly or year-to-date profit/loss statement that reflects activity for the most recent three months; OR copies of bank statements for the business account for the last two months evidencing continuation of business activity.

☐ **Do you have any additional sources of income?** Provide for each borrower as applicable:
**"Other Earned Income"** such as bonuses, commissions, housing allowance, tips, or overtime:
  ☐ Reliable third-party documentation describing the amount and nature of the income (e.g., paystub, employment contract or printouts documenting tip income).
**Social Security, disability or death benefits, pension, public assistance, or adoption assistance:**
  ☐ Documentation showing the amount and frequency of the benefits, such as letters, exhibits, disability policy or benefits statement from the provider, and
  ☐ Documentation showing the receipt of payment, such as copies of the two most recent bank statements showing deposit amounts.
**Rental income:**
  ☐ Copy of the most recent filed federal tax return with all schedules, including Schedule E—Supplement Income and Loss. Rental income for qualifying purposes will be 75% of the gross rent you reported reduced by the monthly debt service on the property, if applicable; or
  ☐ If rental income is not reported on Schedule E — Supplemental Income and Loss, provide a copy of the current lease agreement with either bank statements or cancelled rent checks demonstrating receipt of rent.
**Investment income:**
  ☐ Copies of the two most recent investment statements or bank statements supporting receipt of this income.
**Alimony, child support, or separation maintenance payments as qualifying income:***
  ☐ Copy of divorce decree, separation agreement, or other written legal agreement filed with a court, or court decree that states the amount of the alimony, child support, or separation maintenance payments and the period of time over which the payments will be received, and
  ☐ Copies of your two most recent bank statements or other third-party documents showing receipt of payment.

***Notice:** Alimony, child support, or separate maintenance income need not be revealed if you do not choose to have it considered for repaying this loan.

**UNIFORM BORROWER ASSISTANCE FORM**

### HARDSHIP AFFIDAVIT

I am requesting review of my current financial situation to determine whether I qualify for temporary or permanent mortgage loan relief options.       Date Hardship Began is:

I believe that my situation is:

☐ Short-term (under 6 months)     ☐ Medium-term (6 – 12 months)     ☐ Long-term or Permanent Hardship (greater than 12 months)

**I am having difficulty making my monthly payment because of reason set forth below:**
*(Please check the primary reason and submit required documentation demonstrating your primary hardship)*

| If Your Hardship is: | Then the Required Hardship Documentation is: |
|---|---|
| ☐ Unemployment | ☐ No hardship documentation required |
| ☐ Reduction in Income: a hardship that has caused a decrease in your income due to circumstances outside your control (e.g., elimination of overtime, reduction in regular working hours, a reduction in base pay) | ☐ No hardship documentation required |
| ☐ Increase in Housing Expenses: a hardship that has caused an increase in your housing expenses due to circumstances outside your control | ☐ No hardship documentation required |
| ☐ Divorce or legal separation; Separation of Borrowers unrelated by marriage, civil union or similar domestic partnership under applicable law | ☐ Divorce decree signed by the court; OR<br>☐ Separation agreement signed by the court; OR<br>☐ Current credit report evidencing divorce, separation, or non-occupying borrower has a different address; OR<br>☐ Recorded quitclaim deed evidencing that the non-occupying Borrower or co-Borrower has relinquished all rights to the property |
| ☐ Death of a borrower or death of either the primary or secondary wage earner in the household | ☐ Death certificate; OR<br>☐ Obituary or newspaper article reporting the death |
| ☐ Long-term or permanent disability; Serious illness of a borrower/co-borrower or dependent family member | ☐ Proof of monthly insurance benefits or government assistance (if applicable); OR<br>☐ Written statement or other documentation verifying disability or illness; OR<br>☐ Doctor's certificate of illness or disability; OR<br>☐ Medical bills<br>None of the above shall require providing detailed medical information. |
| ☐ Disaster (natural or man-made) adversely impacting the property or Borrower's place of employment | ☐ Insurance claim; OR<br>☐ Federal Emergency Management Agency grant or Small Business Administration loan; OR<br>☐ Borrower or Employer property located in a federally declared disaster area |
| ☐ Distant employment transfer / Relocation | **For active duty service members:** Notice of Permanent Change of Station (PCS) or actual PCS orders.<br>**For employment transfers/new employment:**<br>☐ Copy of signed offer letter or notice from employer showing transfer to a new employment location; OR<br>☐ Paystub from new employer<br><br>In addition to the above, documentation that reflects the amount of any relocation assistance provided, if applicable (not required for those with PCS orders). |
| ☐ Business Failure | ☐ Tax return from the previous year (including all schedules) AND<br>☐ Proof of business failure supported by one of the following:<br>  ☐ Bankruptcy filing for the business; OR<br>  ☐ Two months recent bank statements for the business account evidencing cessation of business activity; OR<br>  ☐ Most recent signed and dated quarterly or year-to-date profit and loss statement |
| ☐ Other: a hardship that is not covered above | ☐ Written explanation describing the details of the hardship and relevant documentation |

**Borrower/Co-Borrower Acknowledgement and Agreement**

I certify, acknowledge, and agree to the following:

1. All of the information in this Borrower Assistance Form is truthful and the hardship that I have identified contributed to my need for mortgage relief.
2. The accuracy of my statements may be reviewed by the Servicer, owner or guarantor of my mortgage, their agent(s), or an authorized third party*, and I may be required to provide additional supporting documentation. I will provide all requested documents and will respond timely to all Servicer, or authorized third party*, communications.
3. Knowingly submitting false information may violate Federal and other applicable law.
4. If I have intentionally defaulted on my existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this request for mortgage relief or if I do not provide all required documentation, the Servicer may cancel any mortgage relief granted and may pursue foreclosure on my home and/or pursue any available legal remedies.
5. The Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.
6. I may be eligible for a trial period plan, repayment plan, or forbearance plan. If I am eligible for one of these plans, I agree that:
    a. All the terms of this Acknowledgment and Agreement are incorporated into such plan by reference as if set forth in such plan in full.
    b. My first timely payment under the plan will serve as acceptance of the terms set forth in the notice of the plan sent by the Servicer.
    c. The Servicer's acceptance of any payments under the plan will not be a waiver of any acceleration of my loan or foreclosure action that has occurred and will not cure my default unless such payments are sufficient to completely cure my entire default under my loan.
    d. Payments due under a trial period plan for a modification will contain escrow amounts. If I was not previously required to pay escrow amounts, and my trial period plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior waiver is revoked. Payments due under a repayment plan or forbearance plan may or may not contain escrow amounts. If I was not previously required to pay escrow amounts and my repayment plan or forbearance plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior escrow waiver is revoked.
7. A condemnation notice has not been issued for the property.
8. The Servicer or authorized third party* will obtain a current credit report on all borrowers obligated on the Note.
9. The Servicer or authorized third party* will collect and record personal information that I submit in this Borrower Response Package and during the evaluation process. This personal information may include, but is not limited to: (a) my name, address, telephone number, (b) my social security number, (c) my credit score, (d) my income, and (e) my payment history and information about my account balances and activity. I understand and consent to the Servicer or authorized third party*, as well as any investor or guarantor (such as Fannie Mae or Freddie Mac), disclosing my personal information and the terms of any relief or foreclosure alternative that I receive to the following:
    a. Any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) or any companies that perform support services to them; and
    b. The U.S. Department of Treasury, Fannie Mae and Freddie Mac, in conjunction with their responsibilities under the Making Home Affordable program, or any companies that perform support services to them.
10. I consent to being contacted concerning this request for mortgage assistance at any telephone number, including mobile telephone number, or email address I have provided to the Lender/Servicer/ or authorized third party*. By checking this box, I also consent to being contacted by ☐ text messaging.

| _____ | _____ | _____ | _____ |
| Borrower Signature | Date | Co-Borrower Signature | Date |

*An authorized third party may include, but is not limited to, a counseling agency, Housing Finance Agency (HFA) or other similar entity that is assisting me in obtaining a foreclosure prevention alternative.

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

LEAH BELTZ, Formerly Known As       :
LEAH J. MEDLIN,                     :
      Plaintiff,              :
                     :        CIVIL ACTION
v.                                  :
                     :        FILE No. _____
CITIMORTGAGE, INC.,                 :
      Defendant               :
And                                 :
PENDERGAST & ASSOCIATES, P.C.,      :
      Nominal Defendant.      :

<u>ENTRY OF APPEARANCE</u>

      COMES NOW JEFFREY BULL GRABLE, an attorney in good standing with the State Bar of Georgia, who is authorized to practice before the Bar of this Court, who enters his appearance on behalf of Plaintiff Leah Beltz. Please address all correspondence and communications to the Plaintiff as follows:

Jeffrey Bull Grable
Jeffrey Bull Grable, Attorney at Law, P.C.
1225 Johnson Ferry Road, Suite 125
Marietta, GA 30062
(678) 213-4752

jeffrey.grable@yahoo.com

Respectfully submitted this 21st day of July, 2015.

_____
Jeffrey Bull Grable
Attorney for Plaintiff
Georgia Bar No. 303870

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY GA.
FILED IN OFFICE

2015 JUL 21 PM 2: 18

*Rebecca Keaton*
COBB SUPERIOR COURT CLERK

Leah Belta f/k/a                           *        CIVIL ACTION FILE NUMBER
Leah J. Medlin                             *
_____                    *        15·1·5617·40
                    Plaintiff              *
        vs.                                *
                                           *
Citimortgage, Inc.   and                   *
Pendergast & Assoc., P.C.                  *
_____                    *
                    Defendant
                                           *

## SHOW CAUSE AND RULE NISI ORDER

It is hereby ordered that each of the parties be and appear before Presiding Senior

Judge ___James G. Bodiford___ of the Superior Court of Cobb County on

the __28th__ day of __July__, 2015, at __11:00__ o'clock __A__.m.,

in Courtroom "M", 4th Floor, Cobb Superior Court South Building, to show cause, if any,

why the prayers of the within Petitioner's Motion For Emergency Hearing should not be

granted.

The question of whether there is an emergency is reserved for the Senior Judge

presiding over this rule nisi.

SO ORDERED this __21st__ day of __July_____, 2015.

_____
JAMES G. BODIFORD
SENIOR JUDGE, STATE OF GEORGIA
PRESIDING IN COBB SUPERIOR COURT
COBB JUDICIAL CIRCUIT