IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEAH BELTZ, formerly known as Leah J. Medlin | : : : | |
| Plaintiff, | : : | |
| v. | : : | |
| CITIMORTGAGE, INC. and PENDERGAST & ASSOCIATES, P.C. | : : : | CIVIL ACTION NO. 1:15-CV-2649-AT |
| Defendant[s]. | : : | |

## **ORDER**

This foreclosure-related action is on removal from the Superior Court of Cobb County, Georgia. Plaintiff alleges, *inter alia*, that Defendant CitiMortgage, Inc. ("CitiMortgage")[1] breached a 2013 settlement agreement (the "Agreement", Compl. Ex. A, Doc. 1-3 at 17-22), to settle a lawsuit between the two involving Plaintiff's residential mortgage. According to the Agreement, CitiMortgage would refrain from foreclosing on Plaintiff's property while it considers Plaintiff for a loan modification, but if no modification is agreed upon by March 15, 2014, CitiMortgage would institute foreclosure proceedings. Plaintiff alleges that she complied with all provisions of the Agreement and modifications to the

---

[1] Plaintiff also named as a "nominal" defendant CitiMortgage, Inc.'s counsel, Pendergast & Associates, P.C. ("Pendergast"). The Court can discern no actual claim asserted against Pendergast. Although under Georgia law, it is possible for a debtor to state a claim against foreclosure counsel, *see See McCarter v. Bankers Trust Co.*, 543 S.E. 2d 755, 756-57 (Ga. Ct. App. 2000), Plaintiff has alleged no facts specific to Pendergast. Accordingly, the Court **DISMISSES** Pendergast from this lawsuit.

Agreement and complied with all conditions set by CitiMortgage regarding the loan modification, but that CitiMortgage refused in bad faith to evaluate her loan modification application.  For this reason, Plaintiff seeks injunctive relief to prevent CitiMortgage from proceeding with a foreclosure sale.  Defendant's counsel has notified the Court that a foreclosure sale of Plaintiff's property is scheduled for September 1, 2015 and that Defendant will not refrain from pursuing this foreclosure sale absent a Court order.

Plaintiff, represented by counsel, has not filed a motion for immediate injunctive relief.  The Court will not entertain granting such extraordinary relief in this case absent a properly supported motion with attached evidence.  *See* LR 7.1A(1), NDGa;  *See* Wright & Miller, 11A Federal Practice & Procedure § 2949 (3d ed. 2015) ("Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction.") (collecting cases).  If Plaintiff is seeking immediate injunctive relief to enjoin the September 1, 2015 foreclosure sale, or any other immediate injunctive relief, Plaintiff **SHALL** file a properly supported motion for preliminary injunction by August 5, 2015.  Defendant **SHALL** then file a response no later than August 12, 2015.  Plaintiff may file a reply no later than August 19, 2015.

The Court will hold a hearing, if necessary, on Plaintiff's request for injunctive relief at 10:30 AM on Thursday, August 27, 2015 in Courtroom 2308 in

2

the Richard B. Russell United States Courthouse, 75 Spring Street, Atlanta, Georgia, 30303-3309.

**IT IS SO ORDERED** this 28th day of July, 2015.

_____
**Amy Totenberg**
**United States District Judge**