IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEAH BELTZ, formerly known as LEAH J. MEDLIN, | * * * | CIVIL ACTION NO. 1:15-CV-2649-AT |
| PLAINTIFF, | * * | |
| VS. | * * | |
| CITIMORTGAGE, INC., ET AL. | * * | |
| DEFENDANT. | * | |

## VERIFIED PLAINTIFF'S MOTION FOR IMMEDIATE INJUNCTIVE RELIEF

COMES NOW the Plaintiff Leah Beltz ("Plaintiff") and hereby files this, Plaintiff's Motion for Immediate Injunctive Relief, seeking to enjoin Defendant, Citimortage, Inc., ("Defendant") from conducting the foreclosure sale scheduled for September 1, 2015 regarding real property located at 1061 Ashebrooke Way, N.E. Marietta, Georgia 30068.

## INTRODUCTION

On September 4, 2013, the Plaintiff and Defendant entered into a settlement agreement and one provision was in regard to a permanent loan modification. Since June 2014, the Plaintiff has been submitting loan modification paperwork to

1

Defendant. As of date, the Defendant has not provided a permanent loan modification. Plaintiff's complaint is that the Defendant just went through the motions regarding a loan modification without the good faith effort to provide a loan modification. This accusation is evident by the fact that the Defendant did not follow the servicing regulations pursuant to the Consumer Financial Protection Bureau ("CFPB"). The CFPB require that a servicer follow guidelines and regulations regarding mortgage loan modifications. Since the Defendant did not follow the mortgage servicing rules and regulations, the Defendant was not fair and transparent in dealing with Plaintiff's loan modification application.

## FACTS

On June 27, 2006, the Plaintiff entered into a Security Deed agreement which was subsequently transferred and assigned to Defendant, regarding real estate located at 1061 Ashebrooke Way, N.E., Marietta, Georgia 30068. Security Deed attached as Exhibit "A", incorporated herein by reference. Assignment attached as Exhibit "B". This Security Deed is a federal loan.

In 2011, Plaintiff and Defendant were parties in Cobb County Superior Court, Civil Action File No. 11-1-4003-40. On September 4, 2013, the Plaintiff and Defendant entered into a Compromise, Settlement and Release Agreement

"Settlement"). Attached as Exhibit "C", incorporated herein by reference. Specifically, see 1.B., page 2 of the attached Settlement. See Plaintiff's affidavit attached as Exhibit "F", paragraph 1.

From June 13, 2014, until June 10, 2015, Defendant agreed to consider and review Plaintiff's loan modification application. On or about June 10, 2015, the Defendant by and through their attorney notified Plaintiff's attorney that Defendant is unable to evaluate the Plaintiff for a loan modification because Defendant has not received a complete loan modification application, alleging that Plaintiff submitted an incorrect outdated form. Further, Defendant by and through their attorney advised Plaintiff that Defendant was moving forward with a foreclosure sale dated September 1, 2015.

In July, 2015, the Plaintiff filed her Complaint for Injunctive Relief, Specific Performance and Breach of Contract in Cobb County Superior Court, Civil Action Number 15-1-5617-40. Attached as Exhibit "D", incorporated herein by reference. Basically, Plaintiff filed the complaint in Cobb County to enforce the 2013 settlement and require Defendant to follow the Consumer Financial Protection Bureau mortgage servicing guidelines. Thereafter, Defendant removed the Cobb County case to the United States District Court as referenced in the

above styled case.

On July 28, 2015, this Court issued an Order (Doc. No. 2), requiring Plaintiff to file a properly supported motion for immediate injunctive relief.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Complaint filed in the Cobb County Superior Court and removed to this Court provides exhaustive facts and attachments regarding Plaintiff's efforts to get a loan modification. Attached as Exhibit "D". Anyone in the legal profession that deals with mortgage loan modification issues, hears the same story over and over again that the lender keeps requesting documents and either did not receive the documents or the documents were outdated by the time they were reviewed. However there is now hope for borrowers with the enactment of the Consumer Financial Protection Bureau ("CFPB"). On July 10, 2013, the CFPB issued mortgage rules under Regulation Z and Regulation X pursuant to its authority under Dodd-Frank. Consumer Financial Protection Bureau, Mortgage Servicing Rules under the Real Estate Settlement Procedures Act (Regulation X) and Truth in Lending Act (Regulation Z), 78 Fed. Reg. 10696 & 10902 (Feb, 14, 2013) (to be codified at 12C.F.R. pts 1024, 1026). Basically, the CFPB provide rules and regulations in the mortgage servicing industry to provide fairness and

transparency for borrowers such as Plaintiff.

Plaintiff's request for an immediate injunction to stop the September, 2015 foreclosure sale is because Defendant was not fair and transparent in evaluating Plaintiff for a loan modification. For example, on June 13, 2014, the Defendant agreed to review Plaintiff for a loan modification and requested documents on or before close of business on Friday, June 27, 2014. See correspondence on behalf of Defendant, attached as Exhibit "E". The Plaintiff provided all the requested documents. See Plaintiff's affidavit, attached as Exhibit "F", paragraph 2. Plaintiff did not hear back from Defendant until July 21, 2014. See correspondence on behalf of Defendant, attached as Exhibit "G". See Plaintiff's affidavit, attached as Exhibit "F", paragraph 3. The Defendant did not get in touch with Plaintiff for approximately twenty four days regarding whether the loan modification was complete. This is problematic because upon receipt of a loan modification application forty-five days or more before a foreclosure sale, the servicer must review the loan modification application and inform the borrower within five days of receipt of whether or not the application is complete. 12 C.F.R. 1024.41(b)(2). Since it was 45 days or more before the September, 2015 foreclosure sale, Defendant violated the CFPB mortgage servicing guidelines.

Once again, the Defendant requested loan modification documents on or before August 8, 2014. The Plaintiff provided the requested information on or before August 8, 2014. See Plaintiff's affidavit, attached as Exhibit "F", paragraph 4. The Plaintiff did not hear back from the Defendant until October 6, 2014, requesting additional information. See attached Exhibit "H". The Defendant waited approximately sixty days before notifying the Plaintiff that they needed additional information. See Plaintiff's affidavit attached as Exhibit "F", paragraph 5. Once again, Defendant never advised Plaintiff within five days as to whether or not the loan modification application was complete and in violation of the CFPB rule C.F.R. 1024.41(b)(2). See Plaintiff's affidavit, attached as Exhibit "F", paragraph 5. The Plaintiff did not hear back from the Defendant until December 22, 2014, advising Plaintiff that Defendant has not received a complete modification application. See attached Exhibit "I". See Plaintiff's affidavit, attached as Exhibit "F", paragraph 6. Once again, the Plaintiff submitted a loan modification application on or before December 31, 2014. See Plaintiff's affidavit, attached as Exhibit "F" paragraph 7. The Plaintiff did not hear back from Defendant and on January 27, 2015, and her attorney sent Defendant correspondence regarding Plaintiff's concerns. See attached Exhibit "J". See

Plaintiff's affidavit, attached as Exhibit "F", paragraph 8. Once again, the Defendant failed to advise the Plaintiff within five days as to whether her loan modification application was complete. C.F.R. 1024.41(b)(2). The Plaintiff never received a response regarding her latest loan modification application. This is in violation of CFPB mortgage servicing rules because not only did Plaintiff not receive notice as to whether or not her application was complete but she never received notice of a denial of her loan application. 12 C.F.R. 1024.41(d). See Plaintiff's affidavit, attached as Exhibit "F", paragraph 9.

On March 13, 2015, the Defendant notified Plaintiff that they would once again consider Plaintiff for a loan modification and all documents must be submitted on or before April 3, 2015. See attached Exhibit "K". See Plaintiff's affidavit, attached as Exhibit "F", paragraph 10. The Plaintiff did not hear back from Defendant within five days in violation of CFPB mortgage servicing rules. C.F.R. 1024.41(b)(2). On April 23, 2015 and April 27, 2015, May 5, 2015 and May 7, 2015, Plaintiff notified Defendant regarding her concerns that she has not heard back from Defendant, See attached Exhibit "L". See Plaintiff's affidavit, attached as Exhibit "F", paragraph 11.

On June 10, 2015, the Plaintiff received notice from Defendant that they are

not able to evaluate Plaintiff for a loan modification because it has not received a complete loan modification application. See attached Exhibit "M". See Plaintiff's affidavit, attached as Exhibit "F" paragraph 12. The Defendant's June 10, 2015 letter is in violation of the CFPB mortgage servicing rules for the reasons stated above but also because the Defendant does not advise Plaintiff that she has a right to appeal the denial of the loan modification. 12 C.F.R. 1024.41(b). See Plaintiff's affidavit, attached as Exhibit "F", paragraph 13. The Defendant's June 10, 2015 letter states in part as follows: "Mrs. Beltz submitted an incorrect, outdated 710 form dated February 2013 in connection with her application, despite the fact that the correct, updated 710 form (dated June 2014) was attached t my April 3, 2015 email to you providing the necessary documents to be submitted in connection with this application". Whether this is correct or not, the Defendant was required to advise Plaintiff of this problem within five days from April 3, 2015, not sixty days later.   This is in violation of the CFPB mortgage servicing rules. 12 C.F.R. 1024.41(b).

The CFPB  mortgage servicing rules were enacted to prevent the above chaos.  However, the Defendant chose to create chaos and  not to follow the mortgage servicing rules and now wants to foreclose on Plaintiff.   The Defendant

agreed to consider the Plaintiff for a loan modification and based on the above facts engaged in a self serving manner, so that they can claim they tried to help the Plaintiff. This type of scenario has been going on too long and hence the enactment of the CFPB mortgage servicing rules. Without enforcing these rules, they are meaningless.

The Plaintiff brings this motion for immediate injunction to stop the September, 2015 foreclosure sale and require the Defendant to consider Plaintiff for a loan modification pursuant to the CFPB mortgage servicing rules and any other available options for Plaintiff.

A court may grant injunctive relief only if the moving party shows that: (1) "it has a substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest." KH Outdoor LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006).

It is Plaintiff's belief that she can attain all four of the requirements to grant an immediate injunction in order to stop the pending foreclosure and require Defendant to engage in good faith and transparency.

It is likely that Plaintiff has a substantial likelihood of success on the merits because based on the facts, the Plaintiff has shown in the past that she is ready, able and willing to get a loan modification and she has proved in the past that she will provide everything that the Defendant needs to evaluate her loan modification application. Based on the above facts, the Defendant followed the old rules, which were stacked in the Defendant's favor and now under the new rules pursuant to the CFPB, the Plaintiff has a substantial likelihood of success.

The Plaintiff will suffer irreparable injury if the injunction is not granted because she will lose her home.

The Plaintiff's threatened injury outweighs the harm the relief may inflict on the Defendant. The loss of Plaintiff's home would exceed Defendant's potential injury in this matter. Furthermore, the Defendant cannot pursue foreclosure proceedings until they first follow the CFPB mortgage servicing rules.

The entry of relief would not be adverse to public policy and promotes public policy by requiring the Defendant to be fair and transparent.

Further pursuant to O.C.G.A. 9-11-65(b)(1) and (2), a temporary restraining order may be granted... if it clearly appears from the specific facts shown by verified complaint that immediate and irreparable injury, loss, or damage will

result to the applicant. Likewise, pursuant to Fed R. Civ. P. 65, the court may issue a preliminary injunction on notice to the adverse party.

Based on the above facts, the Defendant breached their obligation to consider Plaintiff's loan application pursuant to CFPB mortgage rules and regulations and in a fair and transparent manner and should not be rewarded by allowing to foreclose on Plaintiff's property until they have come forth with clean hands.

## PATTERN AND PRACTICE

Since June 13, 2014 until present, the Defendant has not been fair and transparent in evaluating Plaintiff for a loan modification. The CFPB mortgage servicing rules were enacted to keep mortgage servicers in line and provide guidelines to mitigate servicing abuse such as claiming "we have not received the requested information", the information is outdated and we need updated information". Based on the above facts, the Defendant has shown a pattern and practice of stringing the Plaintiff along and then denying her loan modification The Defendant's pattern and practice is exactly why the CFPB mortgage servicing guidelines were enacted.

## **CONCLUSION**

Basically, the Defendant went through the motions in its efforts to provide Plaintiff with a loan modification. However, they did not follow the rules. Just about everyone that works or practices in the area of mortgage loan modifications has heard the same old story that the lender kept asking for more documents and then claimed they never received the documents and then foreclose. This became so problematic that the CFPB mortgage servicing guidelines were enacted. These guidelines make sense because it provides a method of working towards a result and not just an exercise.

**WHEREFORE** Plaintiff respectfully request this Court to grant her motion for immediate injunction, require the Defendant to work with Plaintiff on her mortgage loan application and award Plaintiff attorney's fees and costs a a result of having to file this motion. Further, to provide what this Court deems just.

This 5th day of August, 2015.

/s/
Schuyler Elliott
Attorney for Plaintiff
Georgia Bar Number 244002

2024 Beaver Ruin Road
Norcross, Georgia 30071
(770)209-7999
(770)209-0033 Fax
Email: semecca@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2015, I electronically filed a **VERIFIED PLAINTIFF'S MOTION FOR IMMEDIATE INJUNCTIVE RELIEF** with the Clerk of Court using the CM/ECF system, and served a copy of said document on the following address through electronic filing and first-class, United States mail, postage prepaid;

Ashby K. Fox, Esq.
Burr & Forman, LLP.
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia 30363

This 5th day of August, 2015.

/s/
Schuyler Elliott
Attorney for Plaintiff
Georgia Bar Number 244002

2024 Beaver Ruin Road
Norcross, Georgia 30071
(770)209-7999
(770)209-0033 Fax
Email: semecca@aol.com

**VERIFICATION**

**PERSONALLY APPEARED** before the undersigned officer, duly authorized to administer oaths, Leah Beltz who after being first duly sworn, states that the within and foregoing Pleading is true and correct to the best of her knowledge, information and belief.

_____
Leah Beltz

SWORN TO AND SUBSCRIBED before me on this, the ____5th____ day of ____August____, 2015.

_____
NOTARY PUBLIC

